JOHN E. NICHOLS *vs.* CITY OF DULUTH.

April 23, 1889.

**City—Liability for Removing Lateral Support of Land in Grading Street—Negligence Immaterial.**—A land-owner has a right to the lateral support of the soil in the adjoining street, and a city is liable for any damage occasioned by removing this lateral support in grading the street. Following *Dyer* v. *City of St. Paul*, 27 Minn. 457.

**Same—Lawful Courses Open to City.**—It is no defence that the act was necessary for the purpose of grading. If the city desires to excavate the soil of the street which naturally renders lateral support to adjoining property, it must acquire the right to do so by the exercise of eminent domain, or else substitute other lateral support in place of the soil removed. This right of the lateral support of the adjoining soil, being a natural one, is absolute, and independent of any question of negligence.

This action and four others, (in which Celia E. V. Brown, Shubart F. White, Martha A. Triggs, and Charles H. Eldridge were severally plaintiffs) against the same defendant, were tried together in the district court for St. Louis county, before *Stearns*, J., and a jury, and a separate verdict returned in each for the plaintiff. In each case the defendant appeals from an order refusing a new trial.

*T. L. Smith*, for appellant, in each case.

*White, Shannon & Reynolds*, for respondent, in each case.

MITCHELL, J. These actions were brought to recover the cost of a retaining wall built by the several respondents to support the soil of their respective lots so as to prevent it from falling into the adjoining street. The evidence abundantly supports the verdict of the

jury that the construction of the wall was rendered necessary by reason of the appellant city excavating the street (in grading it) so as to remove the lateral support which it naturally rendered to the soil of the adjacent property of respondent. On these facts the doctrine of *O'Brien* v. *City of St. Paul*, 25 Minn. 331, and *Dyer* v. *City of St. Paul*, 27 Minn. 457, (8 N. W. Rep. 272,) is decisive of the present cases. Every person has a right *ex jure naturæ* to the lateral support of the adjoining soil, and is entitled to damages for its removal. A municipal corporation has no greater rights or powers in that regard over the soil of the streets than a private owner has over his own land, and will be liable in damages for removing this lateral support the same as would a private owner if improving his property for his own use. It is no defence that the excavation was necessary for the purpose of grading the street. If the city desires greater rights than those possessed by private owners it must acquire them by the exercise of eminent domain. It must either do this, or else itself substitute other lateral support in place of the soil which it removes. The liability of the city in these cases does not depend, as appellant assumes, upon its negligence in making the excavation. This right of the lateral support of the adjoining soil, being a natural one, is absolute, and independent of any question of negligence.

Orders affirmed.