Filed Nov. 26, 1889.

---

No. 13,941.

## MOELLERING v. EVANS.

EASEMENTS.—*Adjoining Lot-Owners.*—*Lateral Support.*—*Removal of.*—*Measure of Damages.*—A lot-owner has the legal right to the support to his lot from the adjoining land. If such support be removed, and, by reason of such removal, his lot caves and is injured, by reason of which he suffers damages, he has a right of action against the person removing the support for the amount of the damage sustained to his land The measure of damages is the diminution in the value of the lot.

SAME.—*Injury to Buildings.*—*Instruction.*—An instruction which, upon fair interpretation, stated to the jury that one removing the lateral support of an adjoining lot would be liable to the lot-owner for the damages resulting to the buildings thereon, regardless of the manner in which the same was done, whether the injury was caused by the negligent and careless manner in which the dirt was removed, or whether it was removed in a careful or prudent manner, is erroneous.

WITNESS.—*Recall of.*—*Cross-Examination.*—*To what Limited.*—Where a witness is recalled and examined as to particular facts, it is proper to limit the cross-examination to the particular matters testified to by the witness when recalled.

From the Allen Circuit Court.

Moellering *v.* Evans.

*T. E. Ellison,* for appellant.
*R. C. Bell* and *S. R. Morris,* for appellee.

OLDS, J.—This is an action by the appellee against the appellant for damages caused to certain lots owned by the appellee by reason of the excavation of the lands adjacent thereto by the appellant, permitting appellee's lots to cave, and causing the destruction of his fences and barn upon the lots, and greatly depreciating the value of the lots.

Issue was joined on the complaint by general denial, and a trial had, resulting in a verdict and judgment in favor of appellee against the appellant for $300.

There was a motion for a new trial by the appellant which was overruled and exceptions taken, and the ruling is assigned as error.

The first error presented and discussed is sustaining an objection to a question propounded to appellee while testifying as a witness in his own behalf.

The appellee was recalled as a witness, and was asked on examination in chief, and testified as to the date he had sold one of the lots that he sold it in October, 1886, and that the principal part of the earth which had caved, or slipped off from the lot, had slid off before he sold the lot; that a large quantity of the dirt right under the stable dropped off, or fell off. During the course of the cross-examination the counsel for appellant put the following question to the witness: "Don't you know that could be filled in there for twenty-five cents a yard?" There was an objection to the question and the objection sustained, and exceptions taken at the time.

There was no error in this ruling. The witness was recalled to fix the date of the sale of the lot, and to testify as to whether the injury to the lot had occurred before or after the sale. The witness had not testified on such examination as to the amount of earth which had slid off prior to the sale, nor as to the amount of the damage done. The witness had

been upon the witness-stand and been examined in chief, and fully cross-examined, and was recalled to testify to these particular facts, and it was proper to limit the cross-examination to the particular matter testified to by the witness when recalled, and the question propounded did not relate, and was not germane to the matter of which the witness spoke in his examination in chief.

The next question discussed is the giving and refusal of instructions by the court.

The court gave the following instructions:

" 1st.  There is incident to land in its natural condition, a right to support from the adjoining land; and if land not subject to artificial pressure, sinks or falls away in consequence of the removal of such support, the owner is entitled to damages to the extent of the injury sustained.  The measurement of damages in such case is not the cost of restoring the land to its former condition or situation, or of building a wall to support it, but it is the diminution in value of the plaintiff's land by reason of the acts of the party removing the support.

" 2d.  If you find from the evidence that the defendant in this case removed land adjoining plaintiff's, in the manner charged in the complaint, then the measure of damages would be the diminution in value of plaintiff's land.

" 3d.  If you find from the evidence that the defendant in this case removed land adjoining plaintiff's, as charged in the complaint, and as a result of such removal the fences and buildings on plaintiff's land were destroyed or injured, in estimating the damages you may consider such injury to the fences and buildings on plaintiff's premises, if any."

Instructions one and two, given by the court, properly stated the law as to the measure of damages to the lots.

It is an old and wise maxim that everyone must so enjoy his property as not to injure the property of another, and this was interpreted in the case of *Taylor* v. *Fickas*, 64 Ind. 167, to mean " that everyone must so enjoy his property ac-

cording to his legal right, as not to injure the legal right in the property of another."

The lot-owner has the legal right to the support to his lot from the adjoining land. If such support be removed, and by reason of such removal the lot caves and is injured, by reason of which the lot-owner suffers damages, he has a right of action against the person removing the support for the amount of the damages sustained to the land. The measure of damage is the diminution in the value of the lot or land. That is a matter easily arrived at, the difference in the value of the lot by reason of the injury. Thus the damages sustained may be arrived at with reasonable certainty and without complication. To pursue any other course to arrive at the damage we enter a field of uncertainty, involving the cost of labor and material to supply the support removed, the manner of its construction, its sufficiency and durability, and when completed we have a different support, or a support of different material, and an artificial instead of a natural one.

3 Sutherland Damages states the law as follows, pp. 417 and 418: "There is incident to the land, in its natural condition, a right of support from the adjoining land; and if land not subject to artificial pressure sinks and falls away in consequence of the removal of such support, the owner is entitled to damages to the extent of the injury sustained. The measure of damages is not the cost of restoring the lot to its former situation, or building a wall to support it, but it is the diminution of value of the plaintiff's lot by reason of the defendant's act." *McGuire* v. *Grant*, 25 N. J. L. 356.

Instructions 1 and 2 properly stated the measure of damages, but instruction 3 is erroneous; it tells the jury, as we interpret it, that if the defendant removed the lateral support he would be liable to the plaintiff for the damages resulting to the buildings thereon, regardless of the manner in which the same was done, whether the injury was caused

by the negligent and careless manner in which the dirt was removed or whether it was removed in a careful or prudent manner.

It may be claimed that as the complaint charges that the defendant negligently, unskilfully and carelessly did such work, that he caused the ends of the lots to cave and produced the injury, and that as the charge tells the jury that if they find the defendant removed the soil adjoining plaintiff's lot as charged in the complaint, and as a result of such removal the fences and buildings were destroyed, the defendant is liable, the instruction was to the effect that if the injury resulted from the carelessness and negligence of the defendant in removing the lateral support, he would be liable, but we do not think the charge warrants this construction. The jury are nowhere told in the instructions as to the nature of the charge in the complaint, or told that there would be any difference in the liability of the defendant whether the earth was removed in a careless and negligent manner, by reason of which negligence the injury resulted, and the liability for the damage to the buildings if the excavation had been made in a careful and prudent manner.

2 Washburn Real Prop. p. 380, states the law as follows : " Of a nature somewhat akin to the easement of light connected with the ownership of a house is that of support, or the right of having one's land and the structures erected thereon supported by the land of a neighboring proprietor. The proposition may be stated thus : A., owning a piece of land, without any buildings upon it, has a natural right of lateral support for his land from the adjoining land. This right exists independent of grant or prescription, and is also an absolute right ; so that if his neighbor excavates the adjoining land, and in consequence A.'s land falls, he may have an action, although A.'s excavation was not carelessly or unskilfully performed. This natural right does not extend to any buildings A. may place upon his land ; and therefore if A. builds his house upon the verge of his own land, he

does not thereby acquire a right to have it derive its support from the land adjoining it until it shall have stood and had the advantage of such support for twenty years. In the meantime, such adjacent owner may excavate his own land for such purposes as he sees fit, provided he does not dig carelessly or recklessly; and if in so doing the adjacent earth gives way, and the house falls by reason of the additional weight thereby placed upon the natural soil, the owner of the house is without remedy. It was his own folly to place it there." This doctrine is fully supported by the authorities. *Moody* v. *McClelland,* 84 Am. Dec. 771; *Beard* v. *Murphy,* 86 Am. Dec. 693; *Charless* v. *Rankin,* 66 Am. Dec. 642, and note, p. 649; *Lasala* v. *Holbrook,* 25 Am. Dec. 524.

The third instruction given by the court was erroneous, and for this error the cause must be reversed.

What we have said in regard to the instructions given shows that the instructions asked for by appellant, on the question of damages, were erroneous, and were properly refused.

Judgment reversed, at costs of appellee, with instructions to sustain the motion for a new trial.

Filed Nov. 26, 1889.