KATHARINE SCHULTZ *vs.* JOHN S. BOWER.

Argued June 5, 1894.   Reversed June 15, 1894.

No. 8795.

57   493
164   123
57   493
s66   281
---
57   493
85   68

**View by the jury of the locus in quo, not evidence.**

The charge of the court construed as instructing the jury that they might use as evidence in the case what they saw or learned upon a view of the premises, and for that reason *held* erroneous.

**Lateral support of land by adjacent soil.**

The right of lateral support of land from the adjacent soil is an absolute right of property, and the right to recover for injuries to the land by reason of the removal of such support does not depend upon negligence, but upon the violation of the right of property.

**Measure of damages.**

The actionable wrong is causing the soil to fall by removing its lateral support, and the measure of damages is the diminution of the value of the land by reason of such fall.

Appeal by defendant, John S. Bower, from an order of the Dis-trict Court of Hennepin County, *Henry G. Hicks,* J., made January 6, 1894, denying his motion for a new trial.

The plaintiff, Catharine Schultz, owns vacant lots sixteen, eigh-teen and nineteen in Auditor's Subdivision No. 33 on the left bank of the Mississippi River in Minneapolis. Defendant owns the ad-jacent land on the south and manufactures brick there. He dug down twenty feet or more and removed the clay so close to plain-tiff's land that some of the soil of her land caved away and fell in for over one hundred feet along the line. The soil is sandy loam on top and brick clay underneath. She brought this action to recover damages for removing the lateral support to her ground.

After the evidence was all in the Judge sent the jury in charge of an officer to view the premises, stating to them as follows:

You must not talk together concerning this case, but each one of you must carefully view the premises so as to form an opinion for yourselves in connection with the evidence of what the damages are and to enable you to determine the truthfulness or veracity of the statements made in the court by the witnesses.

To this instruction defendant excepted. After the jury had been out and examined the premises the Judge charged them among other things, that the true rule of damages in this case is the diminution in value of plaintiff's land by reason of the soil being taken away; that is, whatever less its market value is by reason of the removal of that lateral support. To this defendant also excepted. Other instructions given are stated in the opinion. The jury returned a verdict for plaintiff and assessed her damages at $500. Defendant moved for a new trial. Being denied he appeals.

*Little & Nunn,* for appellant.

The object in viewing the premises was to enable the jury to better understand and comprehend the testimony of the witnesses and thereby more intelligently to apply the testimony to the issues to be determined, but not to furnish evidence upon which to find a verdict nor to determine the veracity of witnesses. *Chute* v. *State,* 19 Minn. 271; *Brakken* v. *Minneapolis & St. L. R. Co.,* 29 Minn. 41; *Close* v. *Samm,* 27 Ia. 503; *Heady* v. *Vevay, &c., Turnpike Co.,* 52 Ind. 117; *Wright* v. *Carpenter,* 49 Cal. 609.

*M. C. Brady,* for respondent.

A man has the right to support his own land by the adjoining land and if his neighbor digs down so as to deprive him of that support and his land caves in, he has a right of action although his neighbor may exercise all the care and skill he can. He is absolutely bound to make good the damages. *Ulrick* v. *Dakota L. & T. Co.,* 2 S. Dak. 285; *Stearns* v. *City of Richmond,* 88 Va. 992; *Richardson* v. *Vermont C. R. Co.,* 25 Vt. 465; *Foley* v. *Wyeth,* 2 Allen 131; *Hay* v. *Cohoes Co.,* 2 N. Y. 159; *Thurston* v. *Hancock,* 12 Mass. 220; *McGuire* v. *Grant,* 25 N. J. Law, 356; *Gilmore* v. *Driscoll,* 122 Mass. 199.

MITCHELL, J. This was an action for damages for the wrongful act of the defendant in removing the lateral support of plaintiff's soil from the adjacent land, causing it to fall. The jury was sent out to view the premises. This is allowed, not for the purpose of furnishing evidence upon which a verdict is to be found, but solely for the purpose of better enabling the jury to understand and apply the evidence given in court. *Chute* v. *State,* 19 Minn. 271, (Gil. 230;) *Brakken* v. *Minneapolis & St. L. Ry. Co.,* 29 Minn. 43, (11 N. W. 124.)

When the court sent the jury out, he instructed them to carefully view the premises, so as to form an opinion for themselves, in connection with the evidence, of what the damages were; and in the charge the jury were told that they had been permitted to look the premises over, so that they might have another standard by which to gauge the evidence they had heard in court; that it might perhaps help them in determining whether the witnesses for the plaintiff or the witnesses for the defendant had more nearly told the truth in regard to the damages to the premises. And again, when asked by a juror whether "they had to go according to the evidence or not," the court told them they had to go by the evidence, but added that testimony was one thing, and evidence was another; that "testimony" was the words they heard in court, and "evidence" what they considered it worth; that they were not bound to accept as true the statements of witnesses as to the damages, but had a right to weigh them with their common sense, judgment, and experience, aided by what they saw on the premises; that they were not sent out to go blindfolded, and see nothing, but to see what they could, as business men, in the light of their experience; and that they must determine the issue in the case by the evidence given in court, "and in the light of what they saw there."

While the court did, in the course of the charge, instruct the jury in general terms that they should be guided by the evidence given in court,—that that was the evidence by which they were bound if they believed it to be true,—yet the instructions which we have referred to were not withdrawn, or in any way expressly modified.

Our opinion is that, taking the charge as a whole, its fair import is that the jury might use what they saw or supposed they had learned on the view as evidence in the case, at least for some purposes. This, we think, is the way it would be naturally understood by the jury. This was error, for which a new trial must be granted.

There are one or two suggestions as to the law of such cases which it may be well to make in view of a second trial. The right of lateral support from the adjacent soil is an absolute right of property; and, as a consequence of this principle, it follows that for any injury to his soil, resulting from the removal of the natural support to which it is entitled, by means of excavation on an adjoining tract, the owner has a legal remedy against the party by whom the mischief has been done. This does not depend upon negligence, but upon the violation of the right of property. *Nichols* v. *City of Duluth*, 40 Minn. 389, (42 N. W. 84;) *Foley* v. *Wyeth*, 2 Allen, 131; *Gilmore* v. *Driscoll*, 122 Mass. 199; *McGuire* v. *Grant*, 25 N. J. Law, 362. This unqualified or absolute right of lateral support applies only to the land itself, and not to the buildings or other artificial structures. Where one, by digging in his own land, causes the adjoining land of another to fall, the actionable wrong is not the excavation, but the act of allowing the other's land to fall. Sedg. Dam. § 925.

Hence the measure of damages is the diminution of the value of the land by reason of the falling of the soil; and it is immaterial whether this falling be called "caving" or "washing," provided it is the natural and proximate result of removing the lateral support.

Order reversed.

Collins and Buck, JJ., absent, took no part.

(Opinion published 59 N. W. 631.)