KATHERINE SCHULTZ v. JOHN S. BOWER.[1]

November 20, 1896.

Nos. 10,221—·(162).

**Jury Fee—New Trial.**

Where a jury cause is called, jury fee paid, verdict rendered, and a new trial granted, a further jury fee must be paid, when the case is called for another trial, before the jury can be sworn.

**Same—Taxation of Costs.**

There were three jury trials in this case, each resulting in a verdict for the plaintiff. She paid the jury fee on each trial. *Held*, that the fee for each trial was correctly taxed against the defendant, on the entry of judgment on the last verdict.

**Same—Witness Fees.**

*Held*, further, that the trial court did not err in affirming the clerk's taxation of the plaintiff's disbursements for witness fees.

Appeal by defendant from a judgment of the district court for Hennepin county, in favor of plaintiff, for $621.17, including $144.22 for costs and disbursements, entered after an appeal from the clerk's taxation of costs, and an order, Russell, J., affirming said taxation. Affirmed.

*Little & Nunn*, for appellant.
*M. C. Brady*, for respondent.

START, C. J. This is the third appeal in this case (see 57 Minn. 493, 59 N. W. 631, and 64 Minn. 123, 66 N. W. 139), and was taken by the defendant from a judgment in favor of the plaintiff upon the third verdict in her favor. The assignments of error relate solely to alleged errors in the taxation of the plaintiff's disbursements.

Upon each of the three trials of this action the plaintiff was required to, and did, pay a jury fee of three dollars, and the sum of nine dollars was allowed the plaintiff in the taxation of costs for the jury fees so paid. The defendant insists that this was error, for the reason that only one jury fee of three dollars can be taxed in any case, no matter how many jury trials there may have been. The stat-

[1] Reported in 68 N. W. 1080.

ute provides that, "before the jury is sworn, the plaintiff shall pay the clerk three dollars as a jury fee, which shall be immediately paid by the clerk to the treasurer of the county." G. S. 1894, § 5368. The object of this statute is to indemnify the county in some measure for the money expended by it in securing and paying a jury for the benefit of litigants. Payment of this indemnity is secured by the statute, by requiring the fee to be paid before the jury is sworn. The mandate of the statute is not, as claimed by defendant, that a jury fee be paid in the action, but it is that, whenever a jury is called for the trial of the action, a jury fee shall be paid before the jury—that is, the jury for that particular trial—is sworn. There is no escape from the conclusion that the statute requires that where a jury cause is tried, verdict rendered, and a new trial granted, a further jury fee must be paid, when the case is called for another trial, before the jury can be sworn.

The only other alleged error in the taxation of the costs is the claim of the defendant that the plaintiff was allowed fees paid to witnesses for a greater number of days than they actually and necessarily attended court on the several trials. The affidavits of the respective attorneys of the parties presented to the clerk were contradictory as to the number of days such witnesses necessarily attended, and it was simply a question of fact for the clerk to determine how many days each witness attended. His decision and that of the trial court affirming the taxation of costs are not so manifestly against the weight of the evidence as to justify us in reversing the decision.

It is claimed, however, by the defendant, that, on the hearing of the appeal from the clerk's taxation of costs, additional affidavits were received and acted upon by the court, and that this was error. We cannot consider this objection, for there is here no settled case, bill of exceptions, or certificate of the trial judge as to what affidavits were presented to him on the hearing of the appeal, or what objections, if any, were taken. Hospes v. Northwestern M. & C. Co., 41 Minn. 256, 43 N. W. 180.

Judgment affirmed.