## SCHMOE ET AL. v. COTTON, ADMINISTRATRIX.

[No. 20,868.    Filed November 16, 1906.]

1. APPEAL AND ERROR.—*Briefs.*—Alleged errors on appeal, not mentioned by appellant in his statement of "points" in his brief, are waived and cannot be raised afterwards.    p. 366.

2. PLEADING. — *Complaint. — Damages. — Lateral Support.* — A complaint alleging that defendant owned lands contiguous to those of plaintiff; that defendant excavated his land up to the line between their lands, and that because thereof plaintiff's lands fell in, causing her damage, is sufficient.    p. 366.

3. DAMAGES. — *Lateral Support.—Negligence.—Contributory.*— Negligence and contributory negligence are not factors in an action for damages for depriving plaintiff's land of lateral support.    p. 367.

4. REAL PROPERTY.—*Lateral Support.—Buildings.—Negligence.* —Defendant is absolutely liable for damages to plaintiff's land in its natural condition caused by removing its lateral support, but is liable only on the ground of negligence in causing plaintiff's building to fall because of removal of the lateral support.    p. 368.

5. APPEAL AND ERROR.—*Record.—What are Parts of.—Statutes.* —Under §641c Burns 1905, Acts 1903, p. 338, §3, the supplemental complaint, the action of the court in permitting its filing, and the objection and exception, are parts of the record without a bill of exceptions.    p. 368.

6. PLEADING.—*Supplemental Complaint.—Right to File.—Discretion of Court.*—The right to permit the filing of a supplemental complaint lies in the sound discretion of the court.    p. 368.

7. PLEADING.—*Supplemental Complaint.—Ground for Filing.*— Permission should be given for filing a supplemental complaint where it will avoid the bringing of another action. p. 369.

8. SAME.—*Supplemental Complaint.—Lateral Support.—Continuance of Wrong After Action Filed.*—Where defendant continued to remove plaintiff's lateral support after action brought, the granting of plaintiff's request for permission to file a supplemental complaint therefor, is not error. p. 369.

9. DAMAGES.—*Measure of.—Lateral Support.*—The measure of damages for the withdrawal of the lateral support to the plaintiff's land is the difference in the value of plaintiff's land by reason of such injury. p. 369.

10. EVIDENCE.—*Damages.—Value of Land Before and After Injury.—Opinions.*—The opinion of a witness as to the value of lands before and after the injuries thereto is competent in an action for damages caused by the withdrawal of lateral support. p. 369.

11. APPEAL AND ERROR. — *Evidence.—Opinions.—Damages.*—A judgment should not be reversed merely because some of the witnesses gave an opinion as to plaintiff's damage instead of stating the value of the land before and after the injury. p. 370.

12. SAME.—*Supplemental Complaint.—Failure to Prove.—Effect.* —The plaintiff's failure to prove the allegations of his supplemental complaint does not constitute a reversible error, where the judgment is right on the original complaint. p. 370.

13. EVIDENCE.—*Ambiguous.—Exclusion of.*—It is not error to refuse to permit a witness to answer an ambiguous, uncertain and indefinite question, especially where the witness had already testified to the substance of the facts sought to be shown. p. 370.

14. LIMITATION OF ACTIONS.—*Damages.—Lateral Support.— When Right of Action Accrues.*—A right of action accrues for damages for withdrawal of lateral support, when plaintiff's land suffers the injury, and not when the support is removed. p. 371.

From Superior Court of Marion County (65,622); *James M. Leathers,* Judge.

Action by Ellen M. Cotton against Louis C. Schmoe and another. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*John P. Lyendecker,* for appellants.

*Charles E. Cox,* for appellee.

MONKS, J.—This action was brought by appellee's decedent to recover damages for injury to her land caused by the excavation by appellants of adjoining land.

Appellants' separate demurrers to the complaint were overruled and a general denial filed. It appeared from the testimony of the first witness for the appellee that the alleged wrongful acts of appellants had continued after the filing of the complaint, and appellee, by leave of court, filed a supplemental complaint. The cause was tried by the court, and, over a motion for a new trial by appellants, judgment was rendered against them.

The errors assigned, and not waived by a failure to state the same in the points set forth in their brief as required by the fifth clause of rule twenty-two, are: (1) The complaint is insufficient; (2) permitting appellee to file a supplemental complaint; (3) overruling appellants' motion for a new trial in this: (a) That the evidence was not sufficient to sustain the finding of the court; (b) that the court erred in sustaining the objection of appellee to a question on cross-examination of the witness Spahr.

1. Under said clause five of rule twenty-two no alleged error or point not contained in appellants' statement of points can be raised afterwards, and such error or point will be considered as waived. Ewbank's Manual, pp. 271, 283; Elliott, App. Proc., §444.

2. Appellants insist that the complaint was not sufficient to withstand their demurrers for want of facts because the value of the land before and after the injury was not stated, citing *Morgan* v. *Lake Shore, etc., R. Co.* (1892), 130 Ind. 101. It is said in that case, that the complaint is not good "because the value of the land is not given nor the extent of the injury stated." The complaint alleged ownership of the land by the plaintiff and

that defendants are and have been the owners of land contiguous and adjoining plaintiff's land since 1902; that "there runs through said lands of the plaintiff and defendants a high ridge or elevation, * * * composed of sand and gravel, with a thin covering of soil; * * * that said sand and gravel in said ridge extend from near the top of said ridge downward a great depth, and said ridge is and has long been entitled to the support of defendants' contiguous ground; that * * * defendants began excavating and removing sand and gravel from said ridge on their land, and continued so to do until * * * June, 1903, when they excavated said sand and gravel from said ridge to a depth of thirty feet up to and flush with the line dividing plaintiff's and defendants' lands; * * * that plaintiff's property has been greatly damaged by said excavations, in this, that plaintiff's said ridge on the west side thereof has been undermined, and, together with the fence, roadway, and fruit-bearing plants thereon, has fallen onto defendants' said ground, to plaintiff's damage in the sum of $500." The supplemental complaint alleged "a continuance of such excavation, and the removal of earth, sand, and gravel, and the undermining of said ridge along the line dividing the lands of plaintiff and defendants, to a depth of thirty feet, and that plaintiff's land for a distance of 175 feet has broken loose, fallen, and slipped onto defendants' said ground, greatly decreasing the value of plaintiff's land, and thereby causing her damage in the sum of $1,000." It is evident that appellants' first objection to the complaint is not tenable.

It is next asserted by appellants that the complaint seeks to charge the defendants with negligently doing an act or acts which they or either of them might rightfully 3. have done in a careful manner, and that the same is not sufficient because the absence of contributory negligence on the part of the plaintiff is not alleged. Plaintiff, as owner of said real estate, had a natural right of lat-

eral support for her land from the adjoining land owned by the defendants. This right existed independently of grant or prescription, and was also an absolute right. If defendants excavated their land adjoining the land of the plaintiff, and in consequence thereof plaintiff's land sank and fell away, as alleged in the complaint, plaintiff has a right of action, although such excavation was carefully and skillfully made.

Such right of action is not based upon negligence, but on the violation of an absolute right, the right to lateral support for said land in its natural condition; but there

4. can be no recovery of damages to artificial structures erected thereon except upon the basis of negligence. *Moellering* v. *Evans* (1889), 121 Ind. 195, 198-200, 6 L. R. A. 449, and authorities cited; *Schultz* v. *Bower* (1894), 57 Minn. 493, 59 N. W. 631, 47 Am. St. 630, note, p. 632; note to *Larson* v. *Metropolitan St. R. Co.* (1892), 33 Am. St. 439, 446-451, 453-455, 468-475; *Gilmore* v. *Driscoll* (1877), 122 Mass. 199, 23 Am. Rep. 312; 18 Am. and Eng. Ency. Law (2d ed.), 542, 547, 548; 1 Cyc. Law and Proc., 776-782; 4 Sutherland, Damages (3d ed.), §1053; 2 Washburn, Real Prop. (6th ed.), §1296. It is clear that the objections urged to this complaint are not tenable.

Under section three of the act of 1903 (Acts 1903, p. 338, §641c Burns 1905) the supplemental complaint, the action of the court in permitting the same to be filed,

5. and the objection and exception of appellants to such action of the court, are a part of the record without a bill of exceptions. The right to file a supplemental complaint rests in the sound discretion of

6. the court. *Pouder* v. *Tate* (1892), 132 Ind. 327, 329, 330, and cases cited; *Kimble* v. *Seal* (1883), 92 Ind. 276, 279-283; Woollen, Trial Proc., §§3339, 3340; 1 Works' Practice, §706; 21 Ency. Pl. and Pr., 58-63.

A consideration in favor of granting leave to file a supplemental complaint is that the law does not favor a multiplicity of suits, and that where all matters in controversy may be fairly ended in one action this should be done. *Richwine* v. *Presbyterian Church* (1893), 135 Ind. 80; 21 Ency. Pl. and Pr., 63.

Said supplemental complaint did not change or attempt to change the theory of the cause set forth in the complaint as claimed by appellants, but merely alleged a continuance of the wrongs alleged in the complaint. The court did not err in permitting the same to be filed.

The grounds upon which the appellants claim that the evidence was not sufficient to sustain the findings are: (1) That the plaintiff's witnesses testified as to the amount of damages to her land, when this was the question for the court to decide; (2) there was no competent evidence that her land had depreciated in value in consequence of the wrongful acts complained of.

The measure of appellee's damages was the diminution in value of said land, if any, in consequence of the alleged acts of appellants; that is, "the difference in the value of said land by reason of said injury." *Moellering* v. *Evans, supra; Schultz* v. *Bower, supra;* 4 Sutherland, Damages (3d ed.), §1017, p. 2973; 18 Am. and Eng. Ency. Law (2d ed.), 543, 544; 1 Cyc. Law and Proc., 785.

Under this rule it was proper for the witnesses who were properly qualified to give their opinion of the value of said land before and after the injury complained of. *Moellering* v. *Evans, supra; Yost* v. *Conroy* (1884), 92 Ind. 464, 47 Am. Rep. 156; *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, 290-292.

But a judgment should not be reversed merely because a part or all of the witnesses have stated the damages, in-

stead of the value, where the damages depend wholly on the value before and after the injury. *Union Elevator Co.* v. *Kansas City, etc., R. Co.* (1896), 135 Mo. 353; Elliott, Roads and Sts. (2d ed.), §258, p. 274, note 2; 2 Elliott, Evidence, §1098, p. 374, note 11; 3 Wigmore, Evidence, §§1921, 1942, 1943.

Even if there was no evidence of the continuance of said wrongful acts after the commencement of the action, as alleged in the supplemental complaint, the finding and judgment of the court could not be disturbed for that reason. There was evidence, however, of the continuance of the wrongs alleged in the complaint after the filing thereof, and this was the reason for filing the supplemental complaint.

On cross-examination of a witness for appellee counsel for appellants asked the following question: "Supposing the excavation would be made there in the gravel pit, remaining two or three yards from Mrs. Cotton's land, and would be made there at that time, and it was in that condition, would it have any effect upon the value of Mrs. Cotton's land?" The court sustained appellee's objection to the question, and refused to permit the same to be answered. This action of the court was assigned as a cause for a new trial, and is urged as a ground for reversal in this court. Said question is so ambiguous, uncertain, and indefinite that the court was fully justified in not permitting the same to be answered. Moreover, said witness had already testified on cross-examination "that if there had been no falling away of plaintiff's land on account of said excavation, and if it was in such a condition that there would be no falling away in the future on that account, it would not, in his opinion, decrease the value of plaintiff's land."

The falling away of the land need not be immediate if the same is caused by the excavation of the adjoining land.

The right of action accrues when the injury actually results, and not when the support is removed.

The actionable wrong is not the excavation, but the act of allowing the other's land to fall. 18 Am. and Eng. Ency. Law (2d ed.), 543, 544; 1 Cyc. Law and Proc., 783; *Smith* v. *City of Seattle* (1898), 18 Wash. 484, 51 Pac. 1057, 63 Am. St. 910; *Backhouse* v. *Bonomi* (1861), 9 H. L. Cas. *503; *Schultz* v. *Bower, supra.*

Finding no available error, the judgment is affirmed.