# CHARLESTON.

C. F. FRENCH *v.* CITY OF BLUEFIELD

(No. 5953)

Submitted September 14, 1927.    Decided September 20, 1927.

1.  EMINENT DOMAIN—*City is Not Liable for Incidental Impairment of Access to Property, Where Grade is Not Materially Changed.*

    The city is not liable for incidental impairment of access to property, where the grade is not materially changed, as is the case here. (p. 131.)

    (Eminent Domain, 20 C. J. § 153.)

2.  SAME—MUNICIPAL CORPORATIONS—*Municipality is Liable for Removing Lateral Support of Land in Grading Streets; Municipality Has no Greater Rights or Powers Over Soil of Street in Making Improvements Than Private Owner Has Over His Land; Municipality Must Acquire by Eminent Domain Right to Remove Lateral Support in Improv-*

*ing Street or Substitute Other Lateral Support (Const. art. 3, § 9).*

A municipality is liable for removing lateral support of land in grading its streets. It has no greater rights or powers over the soil of the street than the private owner has over his land; and if it desires greater powers than are possessed by private owners, it must acquire them by the exercise of eminent domain, or substitute other lateral support in place of the soil which it removes. (p. 131.)

Eminent Domain, 20 C. J. §§ 43, 153; Municipal Corporations, 28 Cyc. pp. 944, 946.)

3.  SAME—*In Action for Removal of Lateral Support, Any proper Evidence That Other Lateral Support Must be Substituted and Cost Thereof is Admissible.*

In a suit for damages for the removing of lateral support to real estate, it follows that any proper evidence tending to show what other lateral support must be substituted in the place of the soil so damaged or taken, and the cost thereof is admissible as an element of damages to be considered by the jury. (p. 133.)

(Eminent Domain, 20 C. J. § 562.)

4.  SAME—*Measure of Damages for Removal of Lateral Support is Difference Between Property's Value Immediately Before and Immediately After Street Improvement, Special Benefits Being Included in General Value.*

The true measure of damages to property abutting on a public street, occasioned by the removal of the lateral support in the improvement of said street, is the difference between the value of the property immediately before and its value immediately after the street improvement, special or peculiar, but not general, benefits to the property being considered and included in the general value. (p. 132.)

(Eminent Domain, 20 C. J. § 562.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mercer County.

Action by C. F. French against the City of Bluefield. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Sanders, Crockett, Fox & Sanders* and *W. E. Ross,* for plaintiff in error.

*James S. Kahle* and *John Kee,* for defendant in error.

WOODS, JUDGE:

This is an action to recover damages to certain property (three contiguous hillside lots) situate on the upper side of, and facing, Princeton Avenue, in the City of Bluefield, due to the widening of said avenue to plaintiff's property line. Prior to the final widening of the avenue, plaintiff had maintained ingress and egress to the left, or residence lot, by means of a pair of wooden steps, which had rested wholly upon the city's right-of-way. Defendant acknowledging the plaintiff's right to lateral support had a retaining wall built in front of the residence property to protect same, and the contractor doing the work, at the same time, constructed concrete steps in conjunction therewith to provide a practicable means of ingress and egress to said residence lot, charging the plaintiff with the cost of the same. A verdict was returned in favor of the plaintiff for $433.91 (a peremptory instruction covered $312.19, the cost of the steps; the remainder represented damages to the remaining two lots as found by the jury).

The two main propositions stressed by the defendant in this Court are: (1) The city is not liable to plaintiff for any inconvenience to ingress and egress, since there was no change in the original grade; and (2) the three lots should be considered as a whole, and any special benefits, if any, inuring to any one of them should be offset as against damages to the remaining property.

That the city is not liable for incidental impairment of access to property, where the grade is not materially changed, as here, has been laid down in *Hickman* v. *City of Clarksburg*, 81 W. Va. 394, and in *Harvey* v. *City of Huntington*, 103 W. Va. 186. It is admitted that the same grade stands that existed prior to the purchase of the several lots. Plaintiff bought said property knowing that some day the city would widen the street to his property line to care for increasing traffic. The lower court therefore erred in giving the peremptory instruction.

While there is a sharp conflict in the authorities upon the question whether a property owner is entitled, as against a municipality, to the lateral support of the soil, the weight of

authority is to the effect that the city is liable for any impairment to the property holder's lateral support. Elliott on Roads & Streets (4th ed.) §591; McQuillian on Municipal Corporations, §1476. Especially is this true, where the constitution of a state provides that private property shall not be "taken or damaged" for public use without just compensation. Our constitution so provides. And this doctrine was applied by this Court in *Kunst* v. *City of Grafton*, 67 W. Va. 20. So, evidence of damage to lateral support of the whole property was proper.

On cross assignment of error the plaintiff complains of the giving of certain instructions. Instruction No. 3 tells the jury the measure of damages for the injury of property due to a public improvement is that sum which will make the owner whole, that is the diminution of the market value by the change. If the market value is as much immediately after the change as before, no damage can be recovered. This instruction is evidently based upon the decided case of *Blair* v. *City of Charleston*, 43 W. Va. 62. The rule established by later decisions, and re-arranged in *Jones* v. *City of Clarksburg*, 84 W. Va. 257, 263, is that the true measure of damages to property abutting on a public street, occasioned by a change in the grade thereof, is the difference between the value of the property immediately before and its value immediately after the street improvement, special or peculiar, but not general, benefits to the property being considered and included in the general value. *Godbey* v. *Bluefield*, 61 W. Va. 604; *Harmon* v. *Bluefield*, 70 W. Va. 129; *Rutherford* v. *Williamson*, 70 W. Va. 402. We are of opinion that a like rule should have application in the present case, where the street is improved without a material change of grade.

The defendant recognized the rule laid down in the *Jones* case in its instructions Nos. 2, 4 and 6. In the former it attempts to define special benefits and general benefits, although imperfectly according to the authorities, and makes application of them defining the measure of damages to property in the case under consideration. Why define them if not elements of the measure of damages? We think that the circuit court properly instructed the jury in defendant's

instruction No. 4 to the effect that this action being brought to recover damages claimed to have been caused to three lots belonging to plaintiff and lying contiguous to each other, that if the special benefits, if any, to the whole of the plaintiff's property exceeds the damages, if any, to the whole of the property, that their verdict should be for the defendant. The declaration charges damages to one parcel of property for the removal of the lateral support therefrom, using the designation Lots 11, 12 and 13, merely as a matter of description of the boundary of said parcel of property.

The remaining substantial assignment of cross-error relates to the rejection of certain evidence offered to show the cost of restoring the lateral support to its original state, as an element of damages.   Every person has a right *ex jure naturae* to the lateral support of the adjoining soil and is entitled to damages for its removal.   A municipal corporation has no greater rights or powers in that regard over the soil of the streets than a private owner has over his own land, and will be liable in damages for removing this lateral support the same as would a private owner if improving his property for his own use.   It is no defense that the excavation was necessary for the purpose of grading the street.   If the city desires greater rights than those possessed by private owners, it must acquire them by the exercise of eminent domain.   It must either do this, or else itself substitute other lateral support in place of the soil which it removed.   *Nichols* v. *City of Duluth,* 40 Minn. 389.   This rule has been applied by this Court in condemnation proceedings.   *Windom* v. *Traction Company,* 78 W. Va. 390.   Under this rule, any proper evidence offered in the instant case to show what other lateral support in the stead of the soil removed was necessary to replace the soil taken or destroyed, was proper.   Of course such evidence must be cautiously considered and weighed by the Court and admitted only according to the particular exigencies of each case.

Judgment reversed, verdict set aside, and case remanded for a new trial consistent with this opinion.

*Reversed and remanded.*