### YANDES ET AL. *v.* WRIGHT.

MINES AND MINING.—*Clay and Coal.—Action for Damages for Sinking
the Surface.—Negligence.—Conveyance.—Lessor and Lessee.*—The owner
of the fee in certain lands, by written instrument, granted to A.
"the sole right to dig, mine, use or sell clay situated on" such land "(except
such clay as the " grantor " may dig for potter's use) ; " and also the right
to dig and mine coal on the same premises. He afterward, in like manner,
granted to B., in the same lands, the right " to have, hold and possess all
the coal, iron, lead and all other productions," vegetable and mineral, "un-
der the surface, except the clay and stone heretofore let to " A. The as-
signee of the latter, in mining immediately underneath a mine operated
by an assignee of the former, failed to leave sufficient supports to
the ground above him, which settled down and thus destroyed the upper
mine.

*Held,* in an action by the owner of the upper mine, against the owner of the
lower, that the latter is liable for the damages sustained by the plaintiff,
and that proof of the defendant's failure to leave sufficient supports to the
ground overhead sustains the allegation of negligence, charged in the
complaint.

From the Clay Circuit Court.

*I. M. Compton, C. Matson, S. W. Curtis* and —— *Holli-
day,* for appellants.

*G. A. Knight* and *C. H. Knight,* for appellee.

BIDDLE, J.—On the 21st day of October, 1864, David Cornwell, the lessor, granted to the appellee and George Elbreg "the sole right to dig, mine, use or sell clay situated on the " land described in the lease, " (except such clay as the first party may dig for potter's use)." Also the right to dig and mine coal on the same premises. Elbreg assigned his interest in the grant to the appellee, by which he holds the entire right under it.

On the 31st day of August, 1865, David Cornwell granted to Elberg, Montgomery & Co. a right in the same lands " to have, hold and possess all the coal, iron, lead and all other productions, whether of a vegetable or mineral origin, under the surface, except, however, all the clay and stone heretofore let to Wright & Elbreg."      This grant was assigned by Elbreg, Montgomery & Co. to the appellants, thus giving them the entire right to the things granted, subject to the grant before made to the appellee.

Each grant run for the term of twenty-five years, and each party entered upon his premises, commenced and prosecuted his mining operations.  The grant of the appellants lies about thirty feet below the grant of the appellee, in the direct line of gravitation.

The appellee, as plaintiff below, avers in his complaint, that appellants, the defendants below, without any negligence on the part of the plaintiff, so negligently, carelessly and unskilfully located and insecurely constructed a certain entry or room, underlying an entry made by plaintiff in said clay strata, and so carelessly managed and insecurely propped the same as to cause, by the said negligence, carelessness and unskilfulness, the intervening strata of rock, slate and other substances to cave and fall in, and thereby destroy and render wholly useless one of the main entrances constructed by plaintiffs, leading into said strata and veins.  By reason of which, etc.  Wherefore, etc.

The complaint was tested by a demurrer, alleging the

insufficiency of the facts as ground, and held by the court to be sufficient.

Answer, general denial. Trial by jury, and verdict for appellee. Judgment on the verdict, over a motion for a new trial and exception. Appeal.

The appellants present three questions for our consideration, in their brief:

1. The sufficiency of the complaint;

2. The propriety of the instructions; and,

3. The sufficiency of the evidence to sustain the verdict.

1. The complaint is sufficient, whether the law is as claimed by the appellants or as claimed by the appellee. Indeed, this point may be held as waived in the brief of the appellants.

2. The instructions: It is contended by the appellants, that if the owner of the lower mines removed his minerals in the usual and proper course of mining, without negligence or wrong on his part, in leaving the proper supports for the upper mine, he will not be liable for damages caused by the natural effect of the laws of gravitation.

The appellee insists, that if the owner of the lower mine, in removing his minerals, so weakened the support of the surface in its natural condition as to cause its subsidence, and thereby injure the upper mine, he will be liable for all damages that ensue therefrom; and that no degree of care, skill or diligence, exercised in his mining operations, will excuse him from such liability.

We need not set out the instructions complained of, for it is plain, that, if the appellants are right in their view of the law, the instructions given were erroneous, and those refused correct; but, if the appellee is right in what he

claims to be the law, then the instructions given were proper, and those refused erroneous.

This question is carefully examined and decided in the case of *Humphries* v. *Brogden*, 12 Q. B. 738.

In that case, " It appeared that the company had taken the coals under the plaintiff's closes, without leaving any sufficient pillars to support the surface, whereby the closes had swagged and sunk, and had been considerably injured ; but that supposing the surface and the minerals to have belonged to the same person, these operations had not been conducted carelessly or negligently or contrary to the custom of the country.    The jury found that the company had worked carefully and according to the custom of the country, but without leaving sufficient pillars or supports : and a verdict was entered for the plaintiff for one hundred and ten pounds damages, with leave to enter a verdict for the defendant, if the court should be of opinion that under the circumstances the action was not maintainable."

Lord CAMPBELL, C. J., in delivering the opinion of the court, says :   " We have attempted without success to obtain from the Codes and Jurists of other nations information and assistance respecting the rights and obligations of persons to whom sections of the soil, divided horizontally, belong as separate properties.    This penury where the subject of servitudes is so copiously and discriminately treated, probably proceeds from the subdivisions of the surface of the land and the minerals under it into separate holdings being peculiar to England." But his lordship cites and analyzes a number of authorities which, more or less directly, support his opinion.    He concludes by quoting the following extract from Erskine's Institute of the Law of Scotland. Book II. title 9, sec. 11, and note : " Where a house is divided into different floors or stories, each floor belonging to a different owner, which frequently happens in the city

of Edinburgh, the proprietor of the ground floor is bound merely by the nature and condition of his property, without any * servitude, not only to bear the weight of the upper story, but to repair his own property, that it may be capable of bearing that weight. The proprietor of the ground story is obliged to uphold it for the support of the upper, and the owner of the upper must uphold that as a roof or cover to the lower." His lordship then sums up the case in the following words : " For these reasons, we are all of opinion that the present action is maintainable, notwithstanding the negation of negligence in the working of the mines; and that the rule to enter a verdict for the defendant must be discharged."

We have found some English authorities, besides those cited by Lord Chief Justice CAMPBELL, in *Humphries* v. *Brogden, supra,* and some subsequently decide l; and also some American authorities. The right of *surface support* is treated by Blanchard & Weeks Leading Cases on Mines, etc., 616-619, wherein they lay down the common-law rule, and refer to several authorities in support of it, in the following words : " There is a *prima facie* inference at common law upon every demise of minerals or other subjacent strata, where the surface is retained by the lessor, that the lessor is demising them in such a manner as is consistent with the retention by himself of his own right to support. In the absence of express words, showing clearly that he has waived or qualified his right, the presumption is that what he retains is to be enjoyed by him *modo et forma,* and with the natural support which it possessed before the demise."

In Wood on Nuisances, sec. 194, the rule is expressed as follows : " When there is a simple conveyance of the surface, reserving the mines, with the right to enter upon the surface to work the same, and no express power given or reserved to produce a subsidence of the surface, if necessary in

the working of the mines, the person owning the minerals is bound at his peril not to cause a subsidence of the surface, even though he can not work his mines at all without doing so; and no degree of care or skill exercised in the mining operations will shield him from liability to the owner of the surface for all damages sustained by reason of any subsidence thereof."

In deciding the case of *Jones* v. *Wagner*, 66 Pa. State, 429, THOMPSON, C. J., said:

" The right of supports, *ex jure naturæ*, which the owner of the soil is entitled to receive from the minerals underneath, has, within comparatively a few years, received much attention in the courts in England, and the rule deducible from the cases in all the courts, the House of Lords, Exchequer and Queen's Bench, is, that where there is no restriction or contract to the contrary, the subterranean or mining property is subservient to the surface to the extent of sufficient supports to sustain the latter, or in default, there is a liability to damages by the owners or workers of the former for any injury consequent thereon to the latter.    *    *    *    *    *    *

" ' That if an owner of lands grant a lease of the minerals beneath the surface with power to work and get them in the most general terms, still the lessee must leave a reasonable support for the surface, and so conversely, where the minerals are demised and the surface is retained by the lessor, there arises a *prima facie* inference at common law, upon every such demise, that the lessor is demising them in such a manner as is consistent with the retention by himself of his own right of support.'

" These citations prove two things, viz., that the owner of a mineral estate, if the law be not controlled by the conveyance, owes a servitude to the superincumbent estate, of sufficient supports; consequently the failure to do so is negligence, and so may be declared upon."

In the case of *Coleman* v. *Chadwick*, 80 Pa. State, 81, it was held that, "When the owner of the whole fee grants the minerals, reserving the surface, his grantee is entitled only to so much of the minerals as he can get without injury to the surface."

The following authorities maintain the same principle: *Horner* v. *Watson*, 79 Pa. State, 242; *Marvin* v. *The Brewster Iron Mining Co.*, 55 N. Y. 538; *Wakefield* v. *Duke of Buccleuch*, L. R., 4 Eq. Cas. 613; *Harris* v. *Ryding*, 5 M. & W. 60; *Dugdale* v. *Robertson*, 3 Kay & J. 695; Bainbridge Mines & Minerals, 485.

It should be noticed throughout the cases above cited, that the word "surface," as used in the books, means not merely the geometrical superficies without thickness, but includes whatever earth, soil or land lies above and superincumbent on the mine. Surface, therefore, includes the appellee's mine which lies above the appellants' mine and below the top surface, which still may remain undisturbed and uninjured, in the original grantor. *Humphries* v. *Brogden, supra.* See also, as to the meaning of the word "surface," 2 Abbott's Law Dictionary, Title Surface, and *Burkhardt* v. *Hanley*, 23 Ohio State, 558.

We have also carefully examined the cases cited by the appellants, and find none that conflicts with the above views. They all touch mainly upon the rights in flowing water, used in mining, in which only a usufruct interest can be held, and which is very different from the permanent right which may be obtained in the solid surface superincumbent upon a mine. They are, therefore, not in point.

3. As to the sufficiency of the evidence to sustain the verdict: When no more negligence need be proved than the failure to furnish supports for the superincumbent mine, we think it is abundant.

The judgment is affirmed, at the costs of the appellants.