## WESTERN INDIANA COAL COMPANY v. BROWN ET AL.

[No. 5,387.   Filed June 23, 1905.]

1. APPEAL AND ERROR.—*Demurrer to Complaint.*—*Conclusions of Law.*—*Questions Presented.*—A demurrer to the complaint and an exception to the conclusions of law present the same questions when the facts found are the same as alleged in the complaint.   p. 46.

2. MINES AND MINERALS.—*Injuries to Surface.*—*Liability.*—The owner of the minerals beneath the surface can not, without liability, remove them without leaving the surface owner natural or artificial support.   p. 49.

3. SAME.—*Subsidence of Surface.*—*Added Weight of Buildings.*—*Burden of Proof.*—The mine owner's removal of all surface support is *prima facie* the cause of the subsidence of such surface, and the burden is on the mine owner to show that such surface subsided because of the additional weight of the buildings subsequently erected thereon.   p. 50.

4. MINES AND MINERALS.—*Contracts Against Liability for Subsidence.—Negligence.*—A contract providing that the owner of mines shall have the right to mine without liability does not relieve such owner from his negligence in failing to leave support for the surface, thereby causing injuries to the surface owner. p. 50.

5. EVIDENCE.—*Acts between Others.*—In an action for damages for defendant's failure to prop the surface of his mines, thereby injuring the plaintiff, who was the surface owner, subsequent leases, assignments and plats made by the mine owner, to which the surface owner was not a party, and which purported to relieve the mine owner from liability, are not admissible in evidence, being *res inter alios acta.* p. 50.

From Sullivan Circuit Court; *Orion B. Harris,* Judge.

Action by Anna Brown against the Western Indiana Coal Company and another. From a judgment on a verdict for plaintiff against said company for $800, said company appeals. *Affirmed.*

*John S. Bays, Lee F. Bays* and *Fred. F. Bays,* for appellant.

*John A. Riddle* and *William T. Douthitt,* for appellee Brown.

WILEY, C. J.—Appellant is a corporation engaged in mining and selling coal. It was operating under a lease executed by appellee Rose to one Templeton, and by Templeton assigned to appellant. It was mining coal under lots owned by appellee Brown, and adjacent territory. After it had taken out the coal under the lots owned by appellee Brown, the surface of the soil subsided and materially injured said appellee's dwelling-house, etc., situated thereon. She commenced this action against the appellant to recover damages, alleging that after it had taken out the coal under the surface of her property, it negligently failed to place and leave therein sufficient props, etc., to sustain and hold the surface. Upon appellant's motion, appellee Rose was made a party defendant. Appellant's demurrer to each paragraph of the complaint was overruled. Appellant answered in two paragraphs, the second of which was a

general denial. To the first paragraph of answer appellee Brown demurred, and such demurrer was sustained. Appellant filed a cross-complaint making appellees, Brown and Rose, defendants thereto, and their separate demurrers to such cross-complaint were sustained. Upon a request, timely made, the court made a special finding of facts, and stated its conclusion of law thereon, to which conclusion of law the appellant excepted. Its motion for a new trial was overruled, and the several rulings here referred to are assigned as errors.

Under the rule so firmly established by the authorities in this State, it is unnecessary for us to consider the complaint, for the same questions are presented by the special finding of facts and conclusion of law as 1. were raised by the demurrers to the complaint, and if there was any error in such ruling it will be treated as harmless. *Scanlin* v. *Stewart* (1894), 138 Ind. 574; *Woodward* v. *Mitchell* (1895), 140 Ind. 406; *Smith* v. *Wells Mfg. Co.* (1897), 148 Ind. 333; *Runner* v. *Scott* (1898), 150 Ind. 441; *Gunder* v. *Tibbits* (1899), 153 Ind. 591; *Gas Light, etc., Co.* v. *City of New Albany* (1902), 158 Ind. 268; *Louisville, etc., R. Co.* v. *Downey* (1897), 18 Ind. App. 140; *Tulley* v. *Citizens State Bank* (1897), 18 Ind. App. 240.

All material facts averred in the complaint are substantially stated and found in the special findings and covered by the conclusion of law. The substance of the facts specially found is as follows: Appellant was and is a corporation, and was on the 19th of April, 1902, and for a long time prior thereto had been, engaged in mining coal near the city of Linton, Indiana; appellee Anna Brown was on said day, and still is, the owner in fee simple of lots numbered fourteen, fifteen, sixteen and seventeen in Rose's third addition to the city of Linton; there was at said time situated on said lots a four-room frame dwelling-house, fronting upon Marco street, in said city; the appellant was on said

day the owner of the coal and other minerals underlying said lots, and on or before said day had mined and taken the coal from under said lots and building, and had negligently and carelessly failed properly to secure the roof of said mine under said lots and dwelling by props and timbers, or otherwise to keep the same safe from caving in under said lots and dwelling; by reason of appellant's negligent failure so to prop and to secure the roof of the mine, a portion of said lots, including the part upon which was situated said building, without any fault on the part of appellee, fell and caved in, and wrecked and damaged said dwelling, and made sink holes and excavations in said lots, destroyed the well upon said lots, used in connection with said dwelling-house, wrecked and injured the smoke-house, and injured and damaged certain trees situated on the lots; the damage to said lots and building and the improvements thereon was $800. As a conclusion of law, the court stated that appellee Brown was entitled to recover from the appellant, as damages, the sum of $800 and the costs of suit. In its motion for a new trial the appellant assigned as one of its reasons therefor that the several findings were not supported by sufficient evidence. Without referring to or reciting the evidence pertaining thereto, we find upon a careful examination of the record that there is an abundance of evidence to sustain every material finding of the court, and hence we can not disturb the judgment upon the evidence.

It is earnestly contended by counsel for appellant that the court erred in sustaining the demurrer to its first paragraph of answer and to its cross-complaint. The facts set up and relied upon in each of these pleadings are substantially the same, and the consideration of one may serve for both.

The sum and substance of the first paragraph of answer is that on the 17th day of July, 1895, appellee Rose was the owner of certain described real estate, which embraced the lots now owned by appellee Brown and other tracts of

land; that on said day he executed a lease to John A. Templeton, for a term of twenty-one years, for all the coal underlying the real estate therein described, with the right to said Templeton, his assigns, etc., to mine such coal; that on the 2d day of March, 1896, said Templeton, for a valuable consideration, assigned all his right and interest in said lease to appellant; that said lease was duly recorded in the miscellaneous records of Greene county on the 14th day of October, 1895. It is further averred that said lease contained a stipulation that the lessee had the right to mine the coal from under said real estate without any liability for damages to said surface or any part thereof, and that said lease also provided that in all future transfers of said real estate it should be stipulated in the deed that there should be no liability whatever to the owner of the surface of the land for any damage that might accrue by reason of said lessee or its assigns mining the coal out from under said premises. It is further charged that appellee Brown had full knowledge that said lease had been made as herein alleged, and that said Rose had stipulated and covenanted in said lease that in any transfers, subsequent to the execution of said lease, of any part of the surface, it should be stipulated in the deed conveying the same that the minerals should be reserved from said subsequent transfers, and the right to mine the same should be without any liability to the lessee or his assigns, and that appellee Brown took and accepted said conveyance with said understanding, and with full knowledge of all the rights of appellant herein with reference to said surface. It is further charged that, in making said conveyance to appellee Brown by said Rose, there was a mutual mistake, and by error and neglect of the scrivener such deed failed to stipulate that said Templeton or his assigns should have the right to mine said coal without any liability whatever for damages that might in any manner accrue to the owners of the surface thereof.

The clause or provision of the lease pertaining to the question under consideration is as follows: "All transfers of the surface of the realty herein described, that have been made by the party of the first part for reserved minerals and the right to mine the same without liability and all future transfers by party of the first part, are to be made with the same reservations."

The deed from Rose to Brown was executed on the 6th day of October, 1893, being nearly two years before the lease of Rose to Templeton. This being true the subsequent leasing to Templeton of the right to mine coal thereunder could in no legal sense affect the rights of appellee Brown. It would be utterly impossible for her to know two years before the execution of the lease what its terms and provisions would be. Her rights in the property vested when she took the conveyance.

During the year 1901, Rose brought an action against appellee Brown to have his deed made to her in 1893 reformed, so as to include the following clause: "Reserving the coal underlying said lands, together with the right to mine and remove the same." But said deed was not reformed so as to exempt from liability the lessee or his assigns from damages accruing to the surface of the real estate by reason of the mining of the coal. It seems clear to us, therefore, that there was no error in sustaining the demurrer to either the first paragraph of answer or the cross-complaint.

The law seems to be well settled that, where the surface of land is owned by one person and the minerals beneath are owned by another, the owner of the minerals 2. can not without liability remove them without leaving sufficient natural or artificial support to sustain the surface. 18 Am. and Eng. Ency. Law (2d ed.), 556, and cases cited. See, also, *Yandes* v. *Wright* (1879), 66 Ind. 319, 32 Am. Rep. 109.

It is contended by appellant that it was necessary for appellee Brown to show affirmatively that the subsidence of the surface did not occur by reason of the weight of the dwelling-house over the place where the collapse occurred. In this proposition appellant is in error, for it has been held that the act of a lessee of a coal mine in removing all support from the superincumbent soil is *prima facie* the cause of the subsequent subsidence thereof, and the burden is on the lessee to show that it would not have subsided but for the additional weight of buildings erected subsequently to the lease. *Wilms* v. *Jess* (1880), 94 Ill. 464, 34 Am. Rep. 242.

In this case, however, the building that was wrecked was placed upon the real estate prior to the execution of the lease. But even if there had been a grant by appellee Brown to the appellant by express stipulation that there should be no liability, the same would not relieve the appellant from the liability for injury caused by its own negligence. 18 Am. and Eng. Ency. Law (2d ed.), 557; *Livingston* v. *Moingona Coal Co.* (1878), 49 Iowa 369, 31 Am. Rep. 150.

It is urged by appellant, and the question is raised by the motion for a new trial, that the court erred in excluding certain offered evidence on its part, to wit, the lease by Rose to Templeton, and the assignment thereof to appellant; also in excluding the admission as evidence of the plat of Rose's third addition to the town of Linton, showing lots fourteen, fifteen, sixteen and seventeen owned by plaintiff; also in refusing to admit in evidence an order-book entry in the case of Bishop A. Rose v. Anna Brown, in the Greene Circuit Court, wherein a decree was entered reforming the deed of Rose to Brown in the particular already referred to; and for refusing to admit in evidence the deed as thus reformed.

We are unable to see where there is any reversible error in any of these rulings. As the facts thus relied upon all

occurred after appellee had received her title from Rose, she was in nowise bound by any subsequent agreement or contract entered into by her grantor with third parties. Considering the whole record, our conclusion is that the trial court arrived at a correct result, and that there is no error in the record for which a reversal should be ordered.

The judgment is affirmed.

Myers, P. J., Black, Robinson and Comstock, JJ., concur; Roby, J., absent.