## PAULL *v.* ISLAND COAL COMPANY.

[No. 7,018.   Filed June 29, 1909.]

1. PLEADING.—*Complaint.—Mines.—Subsidence of Surface.—Damages.*—A complaint alleging that defendant mined the coal from under the plaintiff's house without leaving any support, and that by reason thereof the plaintiff's house was damaged, states a cause of action.   p. 222.

2. MINES.—*Surface Support.—Removal of.*—Regardless of negligence, a mine owner is ordinarily liable to the surface owner for the removal of support to the surface, thereby causing a subsidence.   p. 222.

3. DEEDS.— *Mineral Grants.— Reservations.— Support.—* General
grants or reservations of minerals require the owner of the
minerals to provide natural or artificial support for the sur-
face when the minerals are removed.   p. 222.

4. DEEDS.—*Mineral Grants.—Surface Support.—Waiver.—*Though
a right of surface support is implied in a general grant or reserva-
tion of minerals, a deed providing that the grantee of the minerals
shall not be "held to any responsibility or accountability for any
damage to the surface of said land that may occur from mining
or removing" said minerals, shows a waiver of any claim for sup-
port to such surface.   p. 223.

From Sullivan Circuit Court;  *Charles E. Henderson,*
Judge.

Action by Lizzie Paull against the Island Coal Company.
From a judgment for defendant, plaintiff appeals.   *Af-
firmed.*

*John A. Riddle, J. F. Weisman, G. H. Hendren, Jr.,* and
*Douthitt & Haddon,* for appellant.

*Charles E. Barrett* and *Fred E. Barrett,* for appellee.

COMSTOCK, J.—The issues in this cause were formed upon
an amended complaint in two paragraphs.   The first para-
graph, in substance, alleges that the defendant is, and was on
September 1, 1904, a corporation engaged in the mining of
coal in Greene county, Indiana; that the plaintiff was and
is the owner of certain described real estate, and the build-
ings thereon, in said county; that the defendant owned the
coal and other minerals located under said land, together
with the right to mine and remove only so much of the min-
erals as could be removed without injury to the superincum-
bent soil; that the defendant on and before said day mined
the coal from under the plaintiff's real estate, upon which
was situated plaintiff's frame house, without leaving suffi-
cient artificial or natural support to sustain said surface, and
to keep and maintain the same in its natural condition, and
on said day, and prior thereto, carelessly and negligently
failed to examine its said mine under the real estate and
building, and failed and neglected to make its said mine

under said dwelling and real estate properly secure by props and timbers, and safe from caving in, and carelessly and negligently failed to leave sufficient natural or artificial support to sustain the surface of said real estate so owned by this plaintiff; that, by reason of the carelessness and negligence aforesaid of this defendant, the earth above said mine and under said dwelling, and a large portion of the surface of said real estate aforesaid, without any fault on the part of this plaintiff, fell, broke loose and caved in, thereby wrecking and destroying the aforesaid dwelling-house of this plaintiff.

The second paragraph of amended complaint is substantially the same as the first, except that it is alleged therein "that the defendant by its servants and agents, in disregard of the right of this plaintiff, wrongfully, purposely and wilfully removed the support from under said real estate, without leaving the same with sufficient natural or artificial support to sustain the surface, so that by reason thereof on September 1, 1904, a portion of the surface of said lots" fell and caved in.

Upon the overruling of a demurrer to said amended complaint appellee answered in six paragraphs: (1) General denial; (2) the six-year statute of limitations; (3) to so much of plaintiff's complaint as seeks to recover damages for alleged injury to lots No. 31 and No. 32 in the town of West Linton, Greene county, Indiana, that on February 2, 1891, David L. Osborne was the owner in fee simple of a certain tract of land embracing said two lots; that on said day said Osborne sold to this defendant all the stone, coal and other minerals in or under said real estate, and agreed with this defendant that it should have the right to mine and remove all such stone, coal and other minerals, and further agreed that this defendant, in the mining and removing of said coal, should not be liable for damages to the surface of said lands; that such contract and agreement was contained in a warranty deed from said Osborne to this defend-

ant, a copy of which is filed as an exhibit; that said deed was duly recorded in the proper records of Greene county, Indiana, on October 28, 1891; (4) to so much of the complaint as seeks to recover for alleged damages to lots No. 27, No. 28, No. 29, No. 30, No. 31 and No. 32, that prior to August 31, 1895, William Osborne was the owner of said real estate; that on said day he, by warranty deed, sold and conveyed to the defendant all the minerals, stone, and coal underlying said lands, and contracted and agreed with this defendant that it should have the right to mine all such minerals, stone, and coal from under the surface of said lands and remove the same, and agreed that, in mining and removing such coal, defendant and its successors and assigns should not be held to any responsibility or accountability for any damages to the surface of said lands that should occur from mining or removing said coal; that said contract and agreement is contained in the deed of conveyance, which is made an exhibit, from said Osborne to the defendant; that said deed was duly recorded on October 9, 1895; that said coal was removed with knowledge of the plaintiff, and that the plaintiff had knowledge of the defendant's rights at the time she acquired title and interest to said lots; (5) denying any right, title or claim of plaintiff at the time the alleged injuries occurred, and averring that such title was not acquired until such alleged injuries had occurred and were occurring, and that the plaintiff had knowledge of such conditions at the time she acquired title; (6) the two-year statute of limitations.

A demurrer was overruled to the second, third and fourth paragraphs of answer, and sustained as to the fifth and sixth paragraphs, and appellant refusing to plead further judgment was rendered on the pleadings.

Appellant relies for reversal upon the alleged error of the court in overruling her demurrer to the second, third and fourth paragraphs of answer respectively.

Appellee by cross-error challenges the action of the court

in overruling its demurrer for want of facts to each
1. paragraph of the amended complaint. We think each paragraph was sufficient to withstand a demurrer.

It is settled under the decisions of this State that where the surface of land is owned by one person, and the minerals beneath by another, the owner of the minerals
2. cannot, without liability, remove them without leaving sufficient natural or artificial support to sustain the surface. *Western Ind. Coal Co.* v. *Brown* (1905), 36 Ind. App. 44, 114 Am. St. 367; *Yandes* v. *Wright* (1879), 66 Ind. 319, 32 Am. Rep. 109. The weight of authority, both American and English, supports the rule that where the ownership of the surface of the land has been severed from the ownership of the minerals under it the owner of the surface has an absolute right to necessary support for his land. and if the owner of the minerals removes such support entirely, so that injury results from a subsidence of the soil, he will be liable for resulting damages, no matter how carefully or skilfully he has conducted his mining operations. He must either leave pillars or ribs of the mineral itself, or put in artificial support sufficient to sustain the soil above. This right of subjacent support is absolute. It is independent of the question of negligence. 2 Lindley, Mines (2d ed.), §§818, 819; 2 Snyder, Mines, §1020; *Harris* v. *Ryding* (1839), 5 Mees. & Wels. *60; *Humphries* v. *Brogden* (1850), 12 Q. B. (64 Eng. Com. Law) *739, 17 Eng. Ruling Cas. 407; 18 Am. and Eng. Ency. Law (2d ed.), 556, and cases cited in foot note.

The principle of law directly established by the cases cited is that a grant or reservation of mines in general terms confers a right to work the mines subject to the obli-
3. gation of leaving a reasonable support to the surface as it exists at the time of such grant or reservation. The underlying or mineral estate owes a servitude of suffi-

cient support to the upper or superincumbent strata, unless the same is waived. *Lloyd* v. *Catlin Coal Co.* (1904), 210 Ill. 460, 71 N. E. 335; *Burgner* v. *Humphrey* (1884), 41 Ohio St. 340; *Pringle* v. *Vesta Coal Co.* (1896), 172 Pa. St. 438, 33 Atl. 690; *Noonan* v. *Pardee* (1901), 200 Pa. St. 474, 50 Atl. 255, 55 L. R. A. 410, 86 Am. St. 722; 8 Current Law, 1001, and notes; 6 Current Law, 661, and notes; *Collinsville Granite Co.* v. *Phillips* (1905), 123 Ga. 830, 51 S. E. 666.

However, in the very able opinion in *Griffin* v. *Fairmount Coal Co.* (1905), 59 W. Va. 480, 53 S. E. 24, 2 L. R. A. (N. S.) 1115, it is held that where a deed conveys the coal under a tract of land, together with the right to enter upon and under said land, and to mine, excavate and remove all of it, there is no implied reservation in such an instrument that the grantee must leave enough coal to support the surface in its original position. This opinion is contrary to the general rule of implied right. See *Collins* v. *Gleason Coal Co.* (1908), 140 Iowa 114, 115 N. W. 497, 18 L. R. A. (N. S.) 736.

The implied right, however, does not alone determine the rights of the parties, where the terms of the instrument by which the severance is made are shown. *Scranton* v. *Phillips* (1880), 94 Pa. St. 15; *Miles* v. *Pennsylvania Coal Co.* (1906), 214 Pa. St. 544, 63 Atl. 1032; *Williams* v. *Hay* (1888), 120 Pa. St. 485, 14 Atl. 379, 6 Am. St. 719; Barringer & Adams, Minerals, 676.

The language of the deeds to appellee coal company is: "It is mutually agreed and understood that said Island Coal Company, its successors and assigns, are not held to any responsibility or accountability for any damage to the surface of said land that may occur from mining or removing said coal or other minerals."

Judge Story says: "Where the language of an instrument is neither uncertain nor ambiguous, it is to be expounded according to the apparent import; and is not to

be warped from the ordinary meaning of its terms, in order to harmonize it with uncertain suppositions, in regard either to the probable intention of the parties contracting, or to the probable change which they would have made in the contract, had they foreseen certain contingencies." 1 Story, Contracts (5th ed.), §780.

In this case the words waiving liability for damages to the surface by reason of the mining and removing of coal are free from ambiguity, and we cannot say that the deed did not mean what it said. The grantor owning the land, "from the sky to the center of the earth," granted to appellee all the coal beneath the surface and released it from liability for damages occasioned to the surface by the removal thereof. If the deed had stopped with the grant of the coal and right to mine and remove it, there might be some question as to its meaning, but where, in addition, it contains a release for and waiver of damages to the surface there is no longer any question as to its meaning. It would require unusual care to express more clearly and with equal conciseness the waiver of the rights specified.

In his work on mines, issued in 1884, MacSwinney reviews all previous English cases and the rules governing the interpretation of instruments and contracts in relation to support obtaining in England. He says: "If apt words are used, whether in the instrument of severance itself; or in a contemporaneous, or a subsequent instrument; and whether in affirmative or negative terms; and whether in express terms or by plain implication; and whether the underlying mines are granted or excepted; and whether the instrument is voluntary or statutory; the right of support for land in its natural state may be effectually excluded." MacSwinney, Mines, 304.

The contract is the law as between the parties. Appellee under the deed is relieved by clear and unambiguous words from any liability for damages to the surface owner.

In view of the conclusion reached the consideration of the question of the statute of limitation, raised by the demurrer, and of other alleged errors, is unnecessary.

Judgment affirmed.