## JACKSON HILL COAL AND COKE COMPANY *v.* BALES ET AL.

[No. 22,632. Filed May 28, 1915.]

1. MINES AND MINERALS.—*Subsidence of Surface from Operation of Mine.—Liability.—Complaint.*—While the law imposes no obligation on a mine owner to furnish greater support for the surface than is necessary to support it in the original state, a complaint to recover damages for subsidence of the surface from the operation of a mine need not allege that the subsidence was not caused from the weight of buildings erected on the land, since the fact of subsidence from artificial weight upon the surface is a matter of defense. p. 278.

2. TRIAL.—*Amendments Pending Trial.—Reswearing Jury.*—Under §§400, 401, 403 Burns 1914, §§391, 392, 394 R. S. 1881, either party may be permitted to amend his pleadings before or during the trial, and the opposite party may have a continuance where an amendment during the trial requires additional proof; but, where such an amendment is made which changes neither the issues nor theory, it is not necessary to reswear the jury before proceeding with the trial. p. 278.

3. TRIAL.—*View of Premises by Jury.—Discretion of Court.*—The refusal of a trial court to send the jury to view the premises involved in the action is a matter within its discretion, and, in the absence of abuse, will not be reviewed on appeal. p. 279.

4. APPEAL.—*Review.—Answers to Interrogatories.—Refusal to Require Jury to Answer.*—It is not error to refuse to require a jury to answer certain interrogatories unless the answers, if made, might be such as to overthrow the general verdict. p. 279.

5. TRIAL.—*Peremptory Instructions.*—A peremptory instruction for defendant is authorized only when there is an entire lack of evidence on some phase of the case essential to recovery. p. 279.

6. APPEAL.—*Review.—Evidence.—Verdict.*—Where the sufficiency of the evidence is challenged, the court on appeal will not weigh conflicting evidence, but will consider only that which is most favorable to appellee, and will uphold the verdict, if there is some evidence to sustain it in every essential. p. 280.

7. APPEAL.—*Review.—Excessive Damages.*—The damages awarded will not be regarded as excessive unless the amount is so large as to indicate that the jury acted from prejudice, partiality or corruption; hence a verdict for $250 in an action for damages to the surface of certain land can not be regarded as excessive, in view of evidence fairly supporting it in that respect. p. 280.

8. APPEAL.—*Review.—Refusal of Instructions.*—Error can not be predicated on the refusal of instructions not applicable to the issues or evidence, or of an instruction the refusal of which is shown by the special findings of the jury to have been harmless. p. 280.

9. MINES AND MINERALS.—*Subsidence of Surface from Operation of Mine.—Measure of Damages.—Instructions.*—In an action to recover for injuries to the surface of land from the operation of a mine thereunder, the court properly refused to give an instruction that the measure of damages would be the cost of restoring the surface to its original condition, since the proper measure is the difference between the value immediately before and after the subsidence. p. 280.

10. MINES AND MINERALS.—*Subsidence of Surface from Operation of Mine.—Liability.*—The liability for subsidence of the surface of land from the operation of a mine thereunder is not necessarily against the owner of the mine, but against him who operates the same without leaving proper support. p. 281.

11. APPEAL.—*Review.—Instructions.*—In an action for damages from the subsidence of the surface of land by the operation of a mine thereunder, instructions on the burden of proof, as to the liability of a mine operator in such cases and the measure of damages, etc., each of which correctly stated the law, were properly given. p. 281.

12. MINES AND MINERALS.—*Subsidence of Surface from Operation of Mine.—Liability.*—Defendant in an action for damages from the subsidence of the surface of land by the operation of a mine thereunder, can not avoid liability on the ground that buildings had been erected on the surface, where the jury specially found that the subsidence was 60 feet, 6 inches from the nearest building. p. 282.

From Sullivan Circuit Court; *Wm. H. Bridwell,* Judge.

Action by Clara F. Bales and another against the Jackson

Hill Coal and Coke Company. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*John T. Hays* and *Will H. Hays,* for appellant.
*Charles D. Hunt* and *Gilbert W. Gambill,* for appellees.

ERWIN, J.—This was an action by appellees against appellant for damages to their real estate by reason of its subsidence, caused, as alleged in their amended complaint, by failure to leave proper supports in its coal mine, underneath appellees' lots, situated in Sullivan County. Two assignments of error are presented, viz., overruling appellant's demurrer to the amended complaint, and overruling the motion for a new trial.

It is contended that the complaint is insufficient for the reason that it fails to aver that it was not the weight of the buildings erected thereon which caused the surface of the lots to subside, and that all that the law required of the mine owners or operators, was to leave sufficient support to support the surface, and they were not required to furnish support to the surface with the additional burdens of buildings placed thereon. The law is well settled that props sufficient to support the surface of the soil in its original state is all that is required of the mine owner, and if the subsidence was caused by artificial weight upon the surface of the soil, that would be a matter of defense and it is incumbent upon the defendant to allege such facts if it desired to rely upon them as a defense to the action. *Western Ind. Coal Co.* v. *Brown* (1905), 36 Ind. App. 44, 74 N. E. 1027, 114 Am. St. 367, and cases cited. The complaint was sufficient.

In the motion for a new trial, appellant insists that the court erred in permitting appellees to amend the complaint, during the progress of the trial, and continuing the trial before the same jury without reswearing it. The amendment was to the effect that the appellant mined a portion of the coal as lessee, while the original complaint alleged that appellant mined the same as owner. Each

party may be permitted to amend his pleadings before, or during the trial, by permission of the court, with the right to the opposite party to a continuance if the amendment requires additional proof, upon a showing to that effect made under oath. §§400, 401, 403 Burns 1914, §§391, 392, 394 R. S. 1881; *Toledo, etc., R. Co.* v. *Stephenson* (1892), 131 Ind. 203, 205, 30 N. E. 1082. As neither the issues nor the theory of the cause of action was changed by the amendment, it was not necessary that the jury be resworn. *Smith & Stoughton Corp.* v. *Byers* (1898), 20 Ind. App. 51, 53, 49 N. E. 177, and cases cited.

The next cause for a new trial is the refusal of the court to send the jury to view the premises. This is a matter within the discretion of the trial court. §564 Burns 1914, §538 R. S. 1881. Unless there has been an abuse of this discretion, this court can not review its action.

It is next insisted that the court erred in refusing to require the jury to answer interrogatories Nos. 28, 34 and 35. The answer to each of these interrogatories was "No evidence". Unless the answers to one or all of these interrogatories could have been such that they would have overthrown the general verdict, there was no error in refusing to require the jury to reanswer them. *Board, etc.* v. *Nichols* (1894), 139 Ind. 611, 620, 38 N. E. 526; *Indianapolis, etc., R. Co.* v. *Stout* (1876), 53 Ind. 143, 147; *Frank Bird Transfer Co.* v. *Krug* (1903), 30 Ind. App. 602, 613, 65 N. E. 309.

Appellant insists that the court should have sustained its motion for a peremptory instruction, directing the jury to return a verdict for appellant. This will be authorized only when there is an entire lack of evidence on some essential phase of the case necessary to a recovery. *Hodge* v. *Farmers Bank* (1893), 7 Ind. App. 94, 34 N. E. 123.

The other questions presented are, that the verdict is contrary to law, is not sustained by sufficient evidence and the

damages are excessive. There is some evidence on every material allegation of the complaint, and under this condition of the evidence the court will not weigh conflicting evidence, but will consider only that which is most favorable to appellee. *American Food Co.* v. *Halslead* (1905), 165 Ind. 633, 76 N. E. 251. The rule as to excessive damages is that the damages must be so large as to indicate that the jury acted from prejudice, partiality or corruption. The verdict in this case was for $250, and the amount does not indicate that the jury was improperly induced to find that sum, as the evidence fairly supports the verdict in that regard.

It is next urged that the court erred in its refusal to give instructions Nos. 1, 2, 7, 8, 13, 14, 15, 16, 20 and each of them. Instruction No. 1 was upon the theory, that if a contract was entered into between the parties that the owner of the minerals was not liable for the subsidence of the surface, then no recovery could be had. There was no contention that any contract of this kind was entered into and no evidence to that effect, hence the instruction was properly refused. Instruction No. 2 was to the effect that the mine owner was not liable for the drainage of the well on the premises, unless done so with malice or through negligence. The jury found by its answer to interrogatory No. 30 that the well was not damaged by the mining of coal under said lot. Instructions Nos. 7 and 8 relate to the measure of damages in cases of this kind and contain the declaration that the measure of damages would be the cost of restoring the real estate to its original condition. The rule in such cases seems to be in most jurisdictions, and in this State, that the measure of damages is the difference between the value of the real estate immediately before and immediately after the subsidence. *Rabe* v. *Shoenberger Coal Co.* (1906), 213 Pa. St. 252, 62 Atl. 854, 3 L. R. A. (N. S.) 782, 5 Ann. Cas. 216; *Tunnicliffe, etc.* v. *West Leigh Colliery Co.* (1906), 5 Ann.

Cas. (Eng.) 755; *West Leigh Colliery Co.* v. *Tunnicliffe, etc.* (1907), 10 Ann. Cas. (Eng.) 74, 77; *Moellering* v. *Evans* (1889), 121 Ind. 195, 198, 22 N. E. 989, 6 L. R. A. 449; *Schmoe* v. *Cotton* (1906), 167 Ind. 364, 369, 79 N. E. 184; *McGuire* v. *Grant* (1856), 25 N. J. L. 356; *Schultz* v. *Bower* (1896), 64 Minn. 123, 66 N. W. 139; *Schultz* v. *Bower* (1894), 57 Minn. 493, 59 N. W. 631, 47 Am. St. 630; *Hopkins* v. *American Pneumatic Service Co.* (1907), 194 Mass. 582, 80 N. E. 624.

Instructions Nos. 13 and 14 contain the declaration that it is the owner of the mine, and not the lessee who operates it, who is liable for injury to the surface by reason of improper or insufficient support. This was properly refused, as it is the one who takes out the coal without leaving proper support who is liable for damages to the owner of the surface, if the same subside ·by reason of his failure to properly support it. *Schmoe* v. *Cotton, supra,* 368; *Western Ind. Coal Co.* v. *Brown, supra,* 49; *Yandes* v. *Wright* (1879), 66 Ind. 319, 325, 32 Am. Rep. 109; 18 Am. and Eng. Ency. Law (2d ed.) 546 and cases cited; *Wilms* v. *Jess* (1880), 94 Ill. 464, 34 Am. Rep. 242, 244, 27 Cyc. 788, note 49; *Paull* v. *Island Coal Co.* (1909), 44 Ind. App. 218, 222, 88 N. E. 959; Wood, Nuisance (2d ed.) §192. Instructions Nos. 15 and 16 were along the same lines and were properly refused. Number 20 related to the damages to the well and its refusal was harmless for the same reason we mentioned in relation to instruction No. 2.

Appellant further contends that the court erred in giving each of its instructions Nos. 1, 2, 7, 8, 16, 17, 18 and 20. Instruction No. 1, was as to the burden of proof and was a proper statement of the law; No. 2 was to the effect that the owner of the mineral could not remove the same without leaving proper support to the surface owned by another; No. 6 was to the effect that the plaintiff, as owner of the surface, was not entitled to any prospective damages, but only for damages already accrued, and told

the jury that it should arrive at the damage by considering what the real estate was worth before and what it was worth immediately after the subsidence of the surface; No. 7 told the jury that the measure of damages was the diminution of the market value of plaintiff's property by reason of the subsidence if any occurred; No. 8 told the jury that the person who mined the coal was the one liable for damages, and was not liable for mining done by prior owners or operators of the mine. These were all properly given. Instruction No. 9 related to the alleged damages to the well and told the jury that it could not be considered as an independent item of damages and could only be considered in estimating the value of the land in question. This is the true rule, and even if not, the jury in answer to interrogatory No. 30 found that the well was not injured by any act of appellant. Instruction No. 16 was along the same line as No. 9. Instruction No. 17 was a declaration of what constituted a preponderance of the evidence and told the jury that the plaintiff was required to prove his complaint by a preponderance of the evidence. Instructions Nos. 18 and 20 were properly given and contain no erroneous statement of law.

The other reasons for a new trial refer to the refusal of the court to allow appellant to show what it would cost to restore the surface to its original condition; the rental value of the real estate before and after the subsidence; that other wells in the neighborhood had not been injured; that the mining was done in a skillful and workmanlike manner. What we have said as to the instructions given and refused decide all these questions.

It is finally insisted that as appellees constructed buildings upon the land in question and that the subsidence was subsequent thereto, that appellees should not recover.

12. The jury in answer to interrogatory No. 18 found that the subsidence was 60 feet, 6 inches from the nearest building. The finding is sufficient to refute the contention

that the buildings caused the land to sink. Judgment affirmed.

Lairy, J., dissents.

NOTE.—Rported in 108 N. E. 962. As to measure of damage for an unintentional trespass, see 54 Am. Rep. 421. On the right to surface support and the measure of damages for subsidence, see 68 L. R. A. 675; 2 L. R. A. (N. S.) 1115; 10 L. R. A. (N. S.) 822; 41 L. R. A. (N. S.) 236. As to when a grant of mining rights will release the grantee from liability for subjacent support, see 10 Ann. Cas. 874. View by jury as resting in the discretion of the court, see 18 Ann. Cas. 730. As to the common-law power and duty of a court to submit proper special interrogatories to the jury, see 15 Ann. Cas. 469. See, also, under (1) 27 Cyc. 788, 791; (2) 31 Cyc. 393, 399; 24 Cyc. 371; (3) 38 Cyc. 1314; (4) 38 Cyc. 1923; (5) 38 Cyc. 1576; (6) 3 Cyc. 348; (7) 13 Cyc. 121, 125; 3 Cyc. 381; (8) 38 Cyc. 1612, 1817; (9) 27 Cyc. 788; 27 Cyc. 1913 Anno. 791–new; (10, 12) 27 Cyc. 788; (11) 27 Cyc. 1913 Anno. 791–new.