BISESI, APPELLANT, *v.* CITY OF CLEVELAND, CLEVELAND TRANSIT SYSTEM, APPELLEES.

(No. 22760—Decided May 11, 1953.)

*Messrs. Sindell & Sindell*, for appellant.
*Mr. Robert F. Mooney* and *Mr. Patrick F. Doyle*, for appellees.

*Per Curiam.* This case involves a collision between a bus of the Cleveland Transit System and a one and one-half ton panelled truck at the intersection of Wagar and Erie roads in Rocky River, Ohio. The truck was going west on Erie road, stopped at the stop sign at its approach to Wagar road and then entered Wagar road, a main thoroughfare, at a speed of about 5 to 10 miles per hour. The bus was proceeding north on Wagar road and struck the truck on its left side from the door back to the rear when the truck was half way across Wagar road. The truck came to rest on a lawn 65 feet north of Erie road on the west side of Wagar road. The bus stopped along the west curb of Wagar road, 30 feet north of Erie road. The plaintiff, the driver of the truck, suffered severe injuries and retained no memory of the occurrence.

At the trial he presented one eyewitness, a housewife, who saw the mishap from the front yard of her home some four houses east of Wagar road along the south side of Erie road. She testified that the truck stopped at the stop sign and was proceeding slowly across Wagar road when struck by the bus which ap-

peared as a flash in the intersection. She had driven an automobile for 20 years and judged the speed of the bus to be between 45 to 50 miles per hour. Objection was made to her opinion as to speed. No other affirmative evidence appears on the record bearing on the question of the negligence of the defendant. The trial court directed a verdict in favor of the defendant at the close of plaintiff's case.

It is our opinion that the record in this case presents no evidence of a substantive nature tending to show negligence on the part of the defendant. The testimony as to speed is based upon an observation of the vehicle in question but for a fraction of a second. Speed is a physical phenomenon and difficult of accurate ascertainment when applied to a moving object in plain view. An interval of time of sufficient length to give the critical faculties an opportunity to function in formulating a judgment with respect to it must elapse. That time element should be of such reasonable duration as to warrant a conclusion that the opinion is grounded in probability and removed from the realm of speculation. A judgment of the speed of a bus in miles per hour seen as a flash hundreds of feet away can have no valid foundation in fact to justify acceptance as datum, and objection to it should have been sustained. It is the product of sheer conjecture and has no probative value whatever as evidence.

We therefore conclude that the court below did not err in directing a verdict in favor of the defendant in this case.

*Judgment affirmed.*

HURD, P. J., KOVACHY and SKEEL, JJ., concur.