GARR *v.* BLISSMER ET AL.

[No. 19,270. Filed October 26, 1961. Rehearing denied December 8, 1961. Transfer denied January 24, 1962.]

Owen W. Crumpacker, Harold Abrahamson, Theodore M. Gemberling, Lowell E. Enslen, George V. Burbach and Crumpacker, Gemberling & Enslen, all of Hammond, for appellant.

Edmond J. Leeney, William J. O'Connor, Eugene D. Tyler and Galvin, Galvin & Leeney, all of Hammond, for appellees.

BIERLY, J.—This action was commenced originally by appellee, James A. Blissmer, a minor, by his next friend, Allen Blissmer, filing his complaint on February 29, 1956, against appellant, Louis J. Garr, in the Lake Superior Court, Room No. 5, in Lake County. Appellant

filed an amended cross-complaint against appellee, James A. Blissmer, and also joined as cross-defendants, appellees, Allen Blissmer and Dock Ward. After personal jurisdiction attached with reference to all three appellees, an answer on the merits was filed, and the cause separately re-docketed on the issues formed by the amended cross-complaint and the answer of the three appellees, James A. Blissmer, Allen Blissmer and Dock Ward. The cause was tried without reference to the issues originally formed before the case was re-docketed.

On February 24, 1958, the cause was submitted to a jury, and, at the close of appellant's evidence, the Court on appellees' motion directed a verdict in their favor. Judgment was rendered on the verdict. Appellant filed a motion for a new trial which was overruled, and this appeal followed. The grounds of error specified in the motion for a new trial are that the said verdict is not sustained by sufficient evidence, that it is contrary to law, and that the Court erred in granting appellees' motion for a directed verdict.

On the 25th day of December, 1954, the appellant (plaintiff below), Louis J. Garr, was injured when the automobile which he was operating collided with an automobile owned by appellee, Dock Ward, but driven by appellee, James A. Blissmer.

The evidence shows that appellant, after visiting with his family, at or around six o'clock in the evening drove his automobile, in which there were six passengers and a dog, west on 175th Street to the intersection of 175th Street and Indianapois Boulevard in the City of Hammond, Lake County, Indiana, and, heeding a stop sign brought his automobile to a stop. At this point of the aforesaid intersection, Indianapolis Boulevard is

a divided highway with a grass area parkway fifty feet wide separating a north bound lane from the south bound lane. Appellant turned left and proceeded south in the right hand line of the north bound traffic lanes of Indianapolis Boulevard. The record discloses that appellant's headlights were burning and that neither ice nor snow was on the ground. It was dark and no lights were evident or burning at the intersection. No stars or moon were visible. Proceeding in the wrong lane of traffic, appellant observed the lights of two cars, one behind the other, approaching him at his left. Suddenly, the car driven by appellee, James Blissmer, swerved out from behind the car it was following and struck appellant's car head on. The collision occurred at a point on Indianapolis Boulevard, some six hundred to nine hundred feet south of said intersection with 175th Street. As a result of the collision, appellant was severely injured and taken to a hospital where he remained for three months for treatment.

The trial court, as heretofore stated, at the close of plaintiff's-appellant's evidence, sustained appellees' motion for a directed verdict for each defendant. The pertinent part of the court's instruction to the jury, after sustaining said motion is that:

> ". . . the Court having given it due consideration, has come to the conclusion that there is not sufficient evidence to submit to the jury of the negligence of the defendant, or, *in other words, the evidence in the mind of the Court indicates that the plaintiff, himself, was guilty of such negligence as to preclude a recovery* as a matter of law; for that reason the Court has sustained the defendants' motion for a directed verdict. . . ." (Our emphasis.)

In considering error in sustaining a motion for a directed verdict, we accept as true all facts unfavorable

to the moving party which the evidence tends to prove and all inferences reasonably deducible therefrom. *Ax* v. *Schloot* (1946), 116 Ind. App. 366, 369, 64 N. E. 2d 668.

In the case of *Whitaker, Admr.* v. *Borntrager* (1954), 233 Ind. 678, 122 N. E. 2d 734, wherein an appeal was perfected challenging the sustaining of a motion for peremptory instruction in favor of the defendant, at the close of plaintiff's evidence, the court gave this answer when a trial court may properly give a jury a peremptory instruction to find for the defendant:

"When there is a total absence of evidence or legitimate inference in favor of the plaintiff upon an essential issue; or where the evidence is without conflict and is susceptible of but one inference and that inference is in favor of the defendant. *Jackson Hill Coal and Coke Co.* v. *Bales et al.* (1915), 183 Ind. 276, 279, 108 N. E. 962. *Slinkard* v. *Babb* (1953), 125 Ind. App. —, and cases there cited. 112 N. E. 2d 876, 878; *Gregory* v. *The C.C.C. and I.R.R. Co.*, 112 Ind. 385, 388, 14 N. E. 228.

". . . the court will not weigh the conflicting evidence or inferences but will consider only the evidence and inferences that are most favorable to the party against whom the motion for a peremptory verdict is directed. *Jackson Hill Coal and Coke Co.* v. *Bales et al.* (1915), 183 Ind. 276, 280, *supra; American Food Co.* v. *Halstead* (1905), 165 Ind. 633, 638, 76 N. E. 251. See also *Heath* v. *Sheetz* (1905), 164 Ind. 665, 667, 74 N. E. 505. *Slinkard* v. *Babb* (1953), 125 Ind. App. —, and cases there cited; 112 N. E. 2d 876, 878, *supra*.

"In determining whether a peremptory instruction should be given the court must accept as true all facts which the evidence tends to prove and draw, against the party requesting such instruction, all inferences which the jury might reasonably draw. *Orey* v. *Mutual Life Insurance Company of New York* (1939), 215 Ind. 305, 306, 19 N. E. 2d 547; *Holtz* v. *Elgin, etc., Ry. Co.* (1951), 121 Ind. App. 175, 98 N. E. 2d 245; *Chacker* v. *Marcus* (1949),

119 Ind. App. 672, 674, 86 N. E. 2d 708, 89 N. E. 2d 455; *Balzer* v. *Waring* (1911), 176 Ind. 585, 594, 95 N. E. 257, 48 L.R.A., N.S. 834."

In a recent case, *Huttinger* v. *G. C. Murphy Company* (1961), 131 Ind. App. 642, 172 N. E. 2d 74, relative to the giving of peremptory instructions to the jury, we gave approval to the compelling rule cited in *Whitaker*, *supra*.

28 West's Indiana Law Encyclopedia, *Trial*, §136, pages 131 and 132, clearly states when a verdict may properly be directed in favor of the defendant in these succinct words:

"The court may properly direct a verdict for defendant where the evidence introduced by plaintiff wholly fails to establish any cause of action in his favor under the issues, where the testimony affords no basis for a recovery in favor of the plaintiff, or where the evidence most favorable to the plaintiff, together with all reasonable inferences which a jury might draw therefrom, is insufficient to establish one or more of the facts essential to plaintiff's right of action, or insufficient to sustain a verdict in his favor." (Citations omitted.)

On the other hand, 28 West's Indiana Law Encyclopedia, *Trial*, §137, pages 133, 134 and 135, states the rule when it is improper for the court to direct a peremptory instruction for the defendant as follows:

"A court should not give a peremptory instruction for the defendant unless there is a total absence of evidence or reasonable inference on at least one essential element of the plaintiff's case, or unless there is no conflict in the evidence and it is susceptible of but one inference which precludes recovery. It is only when the plaintiff fails to make a case, so that it would be the duty of the trial court, or of a higher court on appeal, to set aside the verdict as not being supported by any competent evidence on some material point, that a verdict for the defendant should be directed.

"Where there is some or any evidence which with all its reasonable inference and intendment fairly tends to prove the plaintiff's case, a peremptory instruction in favor of the defendant should not be given. The court cannot give a peremptory instruction for the defendant where there is some competent evidence to sustain a verdict for the plaintiff.

"It is improper for the court to instruct the jury to return a verdict for the defendant when the facts established by the evidence are such that to warrant such conclusion by the court, the court would have to weigh the evidence or judge as to the credibility of the witnesses." (Citations omitted.)

Appellant introduced evidence of negligence on the part of the appellee, and we must determine whether such evidence was sufficient to submit to the jury the issue whether or not the appellee, Blissmer, was guilty of negligence.

The Supreme Court, in the case of *Elder, Receiver* v. *Rutledge, Admx.* (1940), 217 Ind. 459, 464, 27 N. E. 2d 358, stated the rule of law relative to actionable negligence in these words:

"The theory and essential ingredients of actionable negligence are tersely stated in *Faris* v. *Hoberg* (1893), 134 Ind. 269, 274, 275, 33 N. E. 1028, as follows:

" 'In every case involving actionable negligence, there are necessarily three elements essential to its existence: 1. The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; 2. A failure by the defendant to perform that duty; and, 3. An injury to the plaintiff from such failure of the defendant.

" 'When these elements are brought together, they unitedly constitute actionable negligence. The absence of any one of these elements renders a complaint bad or the evidence insufficient.

" 'As a question of evidence, the facts are given to the jury, and if there is no evidence whatever as

to one of three elements, then, as a question of law, the plaintiff has failed, and the court may direct a verdict for the defendant.' "

See also *New York, Chicago & St. L. R. Co.* v. *Mercantile Nat. Bank* (1960), 130 Ind. App. 638, 165 N. E. 2d 382.

According to the testimony most favorable to the appellant, appellant was driving his automobile in the extreme right lane of traffic in a south direction in the north bound highway. Testimony was further to the effect that appellant was driving at approximately 15 miles per hour; that Blissmer was driving at rate of 50 to 60 miles per hour in a speed zone marked at 40 miles per hour. Due to the darkness, appellant's and appellees' cars had headlights burning. Testimony was further to the effect that when the collision occurred, the automobile had entered a thirty mile per hour zone.

The record further disclosed that Blissmer was following another automobile and abruptly swerved from that position, thence without reducing his speed and by failing to pass between appellant's car and the car he had overtaken, collided head on with appellant's car. Testimony was further elicited that the north bound highway was sufficient for a three or four lane road and appellant contends that by the exercise of reasonable care appellee, Blissmer, should have been able to pass between the car operated by the appellant and the car overtaken and passed by appellee, Blissmer.

Appellees strenuously argue that none of the appellant's witnesses had an opportunity to observe the appellees' car for an adequate period of time to appraise its speed; that such opinions of speed fail to have sufficient probative value to establish proof of negligence against James Blissmer, appellee. Citing *Bisesi* v. *City of Cleveland et al.* (1953), 95 Ohio App.

34, 113 N. E. 2d 27. It is further contended by the appellees that in granting that the evidence of speed may be considered of sufficient probative value to determine negligence on the part of appellee, James Blissmer, such negligence is not as a matter of law the proximate cause of the injuries suffered by appellant. Cites *Lee Brothers* v. *Jones* (1944), 114 Ind. App. 688, 54 N. E. 2d 108.

The testimony as to the length of time during which the witnesses claimed to have observed the movement of the appellees' car may affect the weight of the evidence, but the competency and admissibility of that evidence are not affected. *Rump* v. *Woods* (1912), 50 Ind. App. 347, 98 N. E. 369. In said case of *Rump, supra,* the appellee was driving a milk wagon drawn by a team of horses. The driver stopped the team to deliver milk to a customer, living across the street, and just before appellee alighted from his wagon, he looked to the south on Fairfield Avenue, in the city of Fort Wayne, but saw no auto approaching. After alighting, he failed to look south on said Fairfield Avenue, and was struck by an automobile operated by appellee, approaching from the south at thirty miles per hour. The court at page 357, Item 13 of the aforementioned case, said:

". . . The fact that his opportunity of observing the speed of the machine was slight, may be considered as affecting the weight of the testimony, but does not affect its competency. All the witnesses who were permitted to testify, disclosed by their evidence that they had some opportunity of observing the speed of the automobile. The court did not err in admitting this testimony. Its weight was for the jury. . . ."

Cora Ayres, plaintiff's-appellant's witness, on re-direct examination, was asked this question by appellant's counsel:

"Q. Well, did you see the car, the Blissmer car in time enough to form an opinion as to what speed it was operating?

"MR. LEENEY: We will object to that, your Honor. It is calling for a conclusion of this witness. He can ask her for the length of time she has. It is for the jury to determine if she has time enough.

"THE COURT: I think she is the only one that would be able to know that. I will overrule the objection. . . ."

It thus appears that counsel for appellees then considered that the sufficiency of the length of time the witness observed the speed of the automobile was a matter for the jury.

In the case of *Bisesi, supra*, cited by appellee, the sole witness testifying relative to the matter of speed, was a housewife, who testified she saw a bus as a flash immediately prior to the accident. She was standing *at a distance of hundreds of feet* from the collision. Objection had been made to her opinion as to the speed of the bus. The Court of Appeals sustained the trial court in sustaining the objection to the opinion of the witness. It appears that this case is distinguishable from the case at bar. (Emphasis supplied.)

In a recent Iowa case, *Thornbury* v. *Maley* (1951), 242 Iowa 70, 45 N. W. 2d 576, the court held that a witness who was in a situation to observe beams from the headlights of an approaching vehicle, is competent to place an estimate as to the speed of the vehicle and "the probative value of that testimony is a question for the jury."

Our attention is directed to the case of *Lee Brothers* v. *Jones, supra*. This case involved an appeal from a verdict of the jury. The court stated that it was not the speed at which the motor vehicles were driven that was

the cause of the accident, but the position of the one where it did not belong was the proximate cause of the accident. This statement of the court was based upon the prevailing contention of the appellant that there was a total lack of proof of any act of negligence "other than cutting across the center line of the highway without reasonable excuse." The *Lee Brothers, supra,* case was an appeal from a verdict of a jury, and we do not perceive the applicability thereof to the case at bar. Here the appeal is primarily based upon the premise that the issue of actionable negligence should not have been withdrawn from the jury.

By the peremptory instruction, the court, in effect, found the appellant guilty of contributory negligence, as a matter of law, and that such negligence was the proximate cause of appellant's injuries.

In the case of *Buddenberg* v. *Morgan* (1941), 110 Ind. App. 609, 628, 38 N. E. 2d 287, the court said:

"It is a well-established rule of law that it is only where the evidence upon any question is undisputed and only one legitimate inference can be drawn therefrom that the court has a right to direct a verdict. If there is any legal evidence whatever, having legal weight, or any legitimate inferences from such evidence tending to support plaintiff's right to recover, the question is one for the jury." (Cases cited.)

In *Gamble* v. *Lewis* (1949), 227 Ind. 455, 461, 85 N. E. 2d 629, in reference to negligence, the court said:

". . . If the facts are in dispute, or if reasonable men may draw different conclusions from undisputed facts, the question of negligence is one for the jury; but if the facts are not in dispute, or if the facts most favorable to the proponent, together with all reasonable and logical inference that may be drawn therefrom be assumed as true, and reasonable men could draw only one inference from such

assumed fact and inferences, then the question of negligence becomes one of law for the court." (Cases cited.)

The question of proximate cause is a question for the jury, but under the same circumstances that negligence becomes a question of law, proximate cause may become a question of law. *Gamble* v. *Lewis, supra,* page 462.

It is uncontested that appellant was traveling on a public highway in the direction opposite to that which the legal marking of the highway designated traffic to flow. The statute of the State of Indiana provides that:

"Whenever any highway has been divided into two (2) roadways by leaving an intervening space or by a physical barrier or clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the right-hand roadway and no vehicle shall be driven over, across, or within any such dividing space, barrier or section, except through an opening in such physical barrier, or dividing section or space or at a crossover or intersection established by public authority." §47-2019a, Burns' Ind. Stat., 1952 Replacement, 1961 Cumulative Pocket Supplement.

The evidence establishes that appellant was in violation of the above quoted statute.

In considering a violation of a statutory rule on the law of the road, the Supreme Court in the case of *Jones* v. *Cary* (1941), 219 Ind. 268, 284, 37 N. E. 2d 944, said:

". . . While the violation of such a statutory regulation does not conclusively establish negligence, it is prima facie evidence of negligence and places on the opposing party the duty of producing evidence to show a valid excuse for such violation. . . ."

While appellee strenuously asserts to the contrary, it appears that the facts which the record evidence estab-

lishes, when added to the reasonable inferences permitted therefrom, in reference to appellee "cutting around" the overtaken car, and at such speed to prevent him from negotiating a passage between the overtaken car and appellant's car, are sufficient to command a difference in the minds of reasonable men on the question of negligence of appellee as alleged by appellant. Hence, this was a matter to submit to the jury.

There appears no evidence of probative value that the appellant had knowledge that he was traveling in the wrong direction on the divided highway. If, under the circumstances, he should have had such knowledge, it was not a question of law but a question of fact for the jury.

In light of the legal principles heretofore referred to, we think that the evidence was such as to require the submission to the jury of the issues of appellees' alleged negligence, the contributory negligence of appellant, and the proximate cause of appellant's injuries. *Nave et al.* v. *Flack* (1883), 90 Ind. 205, 211; *Earle* v. *Porter* (1942), 112 Ind. App. 71, 77, 40 N. E. 2d 381; 65 C. J. S. *Negligence,* §129, p. 742.

The constitutional provision of the State of Indiana, as stated in Article 1, Section 20, to-wit:

"In all civil cases, the right of trial by Jury shall remain inviolate."

lays a heavy restraining hand upon the Courts to deny the submission of a cause brought in good faith and based upon a situation involving far reaching and serious consequences to the plaintiff.

In *Cochran* v. *Town of Shirley* (1909), 43 Ind. App. 453, 456, 87 N. E. 993, the court said:

". . . Where the facts are established without conflict, the question of contributory negligence in

such cases is one of law, *but the power to deny the right of the jury to draw diverse inferences* is one which needs to be exercised with caution, otherwise uncertainty of precedent, the avoidance of which is a prime purpose of the law, is brought about. . . ." (Emphasis supplied.)

See also *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1939), 216 Ind. 545, 24 N. E. 2d 284.

In our opinion in directing the jury to return a verdict in favor of the appellees at the close of appellant's evidence, the trial court committed error.

The judgment of the trial court is reversed with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

Pfaff, C. J., and Kelley and Gonas, JJ., concur.

NOTE.—Reported in 177 N. E. 2d 913.